COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Elkanah S. Baker & others, claimants.

To justify the issue of a warrant under the St. of 1869, c. 415, §§ 44, 45, to search a dwelling-house for intoxicating liquors alleged to be kept therein by J. S. for sale contrary to law, it is a sufficient statement, by one of the complainants, of the facts and circumstances on which his belief that such liquors have been unlawfully sold there during the preceding month and are still kept there for unlawful sale is founded, "that many people have been seen going to and coming from there, and waiting outside of the house, for J. S. to come, with bottles in their hands."

Evidence of the mere seizure, in the cellar of a dwelling-house, of a barrel and a bottle of whiskey, of a barrel of rum, partly full, with a faucet in it and lying on its side in a frame, and of bottles and demijohns which had contained liquors; and m a sink in a room over the cellar, of a small tub, some orange-peel, and two small tumblers, such as are sometimes used in bar-rooms; is insufficient to warrant a finding that the liquors were kept by the occupant of the house for sale contrary to law.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to a trial justice in Barnstable for a warrant to search a dwelling-house in Dennis, occupied by Elkanah S. Baker, for certain intoxicating liquors alleged to be kept by him therein for unlawful sale.

The affidavit made by one of the complainants, pursuant to § 45, of the reasons of his belief that intoxicating liquors had been illegally sold in the house within the preceding month, and that such liquors still were kept therein for sale contrary to law, stated the facts and circumstances, on which his belief was founded, to be, " that many people have been seen going to and coming from there, and waiting outside of said house, for said Baker to come, with bottles in their hands."

Forty-two gallons of whiskey in a barrel and a bottle, and thirty gallons of rum in a barrel, were seized on the warrant; and Elkanah S. Baker was summoned as claimant, and appeared accordingly, with Erastus Baker and three other Bakers, who made claim to part of the liquors, in the superior court, where, before the jury were empanelled, they filed a motion to quash the proceedings on the ground that the complaint and warrant were "insufficient and defective in form and substance," which motion *Dewey*, J., overruled.

On the trial, before the same judge, the evidence for the Commonwealth tended to show " that said liquors were found in the basement or cellar of the house ; that in front of the cellar in which they were found was a kitchen, used by the family of Elkanah S. Baker, and these were all the rooms therein ; that there were also found, in said cellar or basement, bottles and demijohns, which had contained liquors ; that in a sink, in a small room over the basement, were found, by the officers making the seizure, two tumblers of small size, such as were sometimes used in bar-rooms ; some orange-peel and a small tub, biggin or keeler ; that the barrel of whiskey, when found, was marked on the head with the letters B. E. and under these the word Hyannis ; that the barrel of rum was marked on the head with the letter S in a diamond and under this the word Hyannis, and was lying on the side, on a box or frame, and had a faucet in it ; that the barrel of whiskey stood on the head, and there was no evidence tending to show that it had been tapped or drawn from."

" There was no other evidence offered by the Commonwealth, tending to show any sale or keeping for sale of either the rum or whiskey, and no other evidence tending to show how the liquors were brought in and placed in the cellar, or where the rum came from.

" There was evidence offered by Erastus Baker, that he directed the barrel of whiskey (which he claimed) to be sent to his brother Elkanah, in Dennis, to be stored for the use of the claimants, who, some or all of them, were in the habit of spending a part of the summer at a house near the dwelling-house of Elkanah ; and that it was not owned by Elkanah, and he had no right to sell any portion of it. And evidence was offered by the claimants, tending to show that the sink referred to was used by the family for domestic uses, and the tub or biggin was used for washing dishes in use by the family.

" There was no evidence offered by the government tending to show any sale by Elkanah S. Baker of intoxicating liquor in his dwelling-house or elsewhere, other than the foregoing."

The claimants requested the judge to instruct the jury : 1. That the mere possession of intoxicating liquor would not authorize them to find that it was kept with intent to sell. 2. That they must be satisfied, from the circumstances, that a sale of liquor had actually been made in the dwelling-house, or that Elkanah S. Baker was on the day of the seizure engaged in the business of selling liquor, or intended to sell or engage in the business, before they would be authorized to find that the liquors in question were kept by him for sale.

The judge gave the first of these instructions, but declined to give the second in the form requested ; and he instructed the jury " that the Commonwealth must prove that the liquors were kept and intended for sale by Elkanah S. Baker, and it was not necessary for the Commonwealth to prove any sales, but, as bearing upon the question as to the intent with which the liquors were kept, they could properly consider the evidence as to demijohns, bottles, tumblers, wash-pans and other similar articles being found on the premises, and upon the whole evidence in the case, if they found that the liquors were kept by Elkanah S. Baker, they

could find whether they were kept by him with an intent to sell them."

The jury found that all the liquors seized were kept and intended by Elkanah S. Baker for unlawful sale; judgment was rendered for their forfeiture; and the claimants alleged exceptions.

*B. Sanford*, for the claimants.

*C. Allen*, Attorney General, for the Commonwealth.

AMES, J. The "facts and circumstances" set forth in the complaint, as the ground for belief that intoxicating liquors were kept for sale in the house to be searched, were sufficient to justify the magistrate in issuing the warrant. We therefore see no cause for quashing the proceedings on that ground; and no other was relied upon in the argument. See *Commonwealth* v. *Intoxicating Liquors, ante*, 181; *Commonwealth* v. *Leddy, ante*, 381, 383.

There is however another difficulty in the case, which renders it necessary to set aside the verdict. The intent to sell contrary to law, in which the whole criminality of the keeping consists, must be proved beyond reasonable doubt, according to the ordinary rule of criminal cases, before a decree of forfeiture can be had. The most that can be said of the evidence reported in the bill of exceptions is, that it is consistent with such an intent. It is however equally consistent with an intent to which the law attaches no criminality. The possession and use of intoxicating liquors are not prohibited by any statute. The description of the rooms, and of the articles found in them, shows very plainly that such liquors had been and still were kept and used there; but any inference, from the evidence reported, of an intent to sell, appears to be wholly conjectural. There may or may not have been such an intent, but the facts reported are too scanty and indecisive to furnish any of the elements of certainty beyond reasonable doubt. Under the circumstances, the instructions requested by the claimants' counsel were appropriate to the case, and those that were actually given may have had the effect, in the minds of the jury, of giving undue importance to possession and use as proof of the intent to sell. *Exceptions sustained.*