COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, William McCandless, claimant.

Hampshire.   September 14. — October 2.   WELLS & MORTON, JJ., absent.

On the trial of a complaint under the St. of 1869, *c.* 415, §§ 44, 45, which alleged that intoxicating liquors were kept in a dwelling-house and intended for unlawful sale, it is not necessary to prove that sales were intended to be made in the dwelling-house; it is sufficient to show that it was in effect a magazine or warehouse where liquors were stored which were intended to be sold at a saloon in the immediate neighborhood.

Evidence of the seizure in a dwelling-house of a barrel of whiskey and a tunnel; that the government stamp on the barrel was about a month old; that the barrel was not full; that empty barrels were found in the cellar, some of which had government stamps on them of recent date; that the occupier of the dwelling-house kept, at a place about one half mile from it, a saloon where liquors had at various times about the time of the seizure been seized in small quantities in flasks; and that a bar, drainer, tumblers and other implements of the liquor traffic were found there, is sufficient to warrant a finding that the liquors were kept in the house to be sold in the saloon in violation of law.

COMPLAINT under the St. of 1869, *c.* 415, §§ 44, 45, against certain intoxicating liquors alleged to be kept and deposited by William McCandless in his dwelling-house, he intending to sell the same in violation of law.

At the trial in the Superior Court, before *Wilkinson*, J., the evidence on the part of the government tended to show that the liquor seized was found in a barrel in the bed-room of the said McCandless, and with the barrel was a tunnel; that the government stamp on said barrel was about a month old, and that the barrel was not full by about twelve or sixteen gallons; and that empty barrels were found in the cellar, some of which had government stamps upon them, of a recent date.   There was no evidence that any sales had ever been made at said house.   The government, against the claimant's objection, put in evidence tending to show that McCandless kept a saloon, about one half mile from his dwelling-house, where liquors had at various times about the time of the seizure been seized in small quantities in flasks by the officers, and where fixtures, such as a bar, drainer, tumblers and other implements of the liquor traffic were found. There was no other evidence that the liquors kept in the dwelling-house were intended for sale in said saloon.

The claimant asked the court to rule that the allegations in the complaint were not sustained by the evidence. The court declined so to rule, and submitted the case to the jury under proper instructions. The jury found that the liquors were kept by said McCandless as alleged in said complaint and warrant, and the claimant alleged exceptions.

*D. W. Bond*, for the claimant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The evidence reported in this bill of exceptions had a strong tendency to show that the claimant's dwelling-house was the magazine or storehouse in which liquors were privately kept for the supply of his saloon. The number of empty barrels in his cellar, the condition of the one in which the liquor was seized, the dates of the government stamps upon the barrels, the proximity of the house to his saloon, and the small flasks found at the saloon and containing liquors, all tend in the same direction. It was not necessary to prove that sales were made or intended to be made at the house. An intent to sell at the saloon would be sufficient. St. 1869, *c.* 415, § 45.

In *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 595, the liquors were found in a cellar back of the claimant's kitchen. The building contained no shop or public eating-room. There was no saloon in the neighborhood in which the claimant had any concern. There was nothing in the fixtures in the cellar, or in any room under his control, indicating that it was intended as a place for such sales, except the fact that one barrel was on tap, that two small tumblers such as are sometimes used at bar-rooms were found there, with some orange peel, a tub, and some empty bottles and demijohns that had contained liquor. All this abundantly proved the possession and use of the liquors; but the object of this mode of proceeding is not to punish a past offence, but to prevent one that is threatened or intended. In order to obtain a conviction therefore it was necessary to go one step farther, and prove that at the date of the complaint the person having the control of the liquors had a continued and existing intent to sell when opportunity should offer. The element wanting in that case is supplied in the case at bar, by evidence that the claimant kept a saloon at the date of the complaint, fitted up and furnished as a bar-room, at which liquors in small quantities in flasks had

been seized, about that time, at a short distance from his house. It certainly was not a violent stretch of credulity in the jury to believe that the liquors were kept at the house to be sold at the saloon.                    *Exceptions overruled.*