COMMONWEALTH *vs.* PATRICK GALLAGHER.

Middlesex. Nov. 26, 1877. — Jan. 2, 1878. COLT & LORD, JJ., absent.

On the trial of a complaint for unlawfully exposing and keeping for sale intoxicating liquors, evidence that the officer, on searching the defendant's premises, which consisted of a front room used as a grocery, and a back room used as a kitchen, found concealed in a table drawer and closet, in the kitchen, liquor, a measure, a tunnel and glasses, and, in the cellar beneath the kitchen, a bottle of brandy covered with boards and dirt, is sufficient to warrant a conviction.

COMPLAINT to the Police Court of Cambridge, charging the defendant with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the defendant occupied certain premises consisting of a front room facing the street, used as a grocery, and in the rear a kitchen; that, on the day named in the complaint, an officer searched the premises, and found, on raising the cover or lid of the table in the kitchen, a quart flask, containing whiskey, in the drawer, and beneath the table a jug containing three quarts of whiskey; in the closet in the kitchen, a gill measure with a small tunnel in it, and large and small glasses; and, in the cellar below the kitchen, buried in a pit, a bottle of brandy, covered with boards, and, over the boards, dirt.

The defendant asked the judge to rule that there was no evidence of intent, as alleged, on the part of the defendant, and no evidence to warrant a conviction; and that there was no evidence tending to connect the buried brandy with the defendant, or that he knew of its being in the cellar, and that this evidence was not entitled to any weight. The judge declined so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. H. Hudson,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J. It appears from the bill of exceptions that the front room occupied by the defendant was used as a grocery, which we must suppose was a place of public resort; and that

the kitchen, in and under which the liquors were found, was also occupied by him, and was immediately in the rear of the grocery. The circumstances under which the liquors were found, and the fact that they were apparently concealed, and also the finding of a measure, tunnel and glasses, were proper for the consideration of the jury, as tending to indicate guilt. It is impossible to say that there was no evidence to authorize the verdict. *Commonwealth* v. *Pierce*, 107 Mass. 487. *Commonwealth* v. *Doe*, 108 Mass. 418.                    *Exceptions overruled.*