## COMMONWEALTH *vs.* ALEXANDER McCULLOW.

Middlesex.    January 4, 1886.    C. ALLEN & GARDNER, JJ., absent.

At the trial of a complaint for keeping a common nuisance, there was evidence for the government that the premises of the defendant were searched, under a warrant, and only a bottle half full of whiskey was found, and a glass smelling of beer; that the defendant's mother occupied a portion of the defendant's building, where she kept house by herself, and which could be reached from the defendant's store only by passing through the tenement where the defendant's family lived; and that the mother's tenement was searched, under another warrant, at the same time as the defendant's, and two cases of lager beer were found there, and a quart of whiskey. *Held*, that the defendant had no ground of exception to the admission of the evidence relating to the search of the mother's tenement and to what was found there, although the liquor taken on the warrant was afterwards returned to her by order of court.

COMPLAINT to the Second District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a certain tenement in Waltham, used for the illegal sale and illegal keeping of intoxicating liquors, on November 1, 1883, and on divers other days and times between that day and March 17, 1884.

At the trial in the Superior Court, before *Pitman,* J., the government introduced evidence tending to show that, under a warrant for that purpose, a search was made of the premises occupied by the defendant, which consisted of a store and a dwelling-house or tenement over said store. No liquors were found in the saloon except a bottle half full of whiskey behind the bar. One of the glasses in the saloon smelled of beer.

There was evidence tending to show that Mrs. McCullow, the mother of the defendant, occupied a portion of the building in which the defendant's tenement and store were, and that the portion occupied by her could be reached from the defendant's store only by passing through the tenement where his family lived, and that the tenement of Mrs. McCullow, the mother of the defendant, was kept by her separate and apart from the other tenement in the house, and that she kept house by herself.

It appeared that under another search-warrant the chief of police of Waltham searched the said premises of Mrs. McCullow at the same time that the defendant's premises were searched. Against the objection of the defendant, the government was permitted to show that two cases of lager beer were found by the door, one being a full case and the other having only seventeen bottles left therein, and also a quart of whiskey in two bottles, and a pint of wine.

Upon cross-examination the officer testified that the liquors found upon the premises of Mrs. McCullow were subsequently returned to her by order of court.

The jury returned a verdict of guilty ; and to the admission of evidence concerning the search of the premises of Mrs. McCullow, and the finding of intoxicating liquors on her premises, and the kind and quantity thereof, the defendant alleged exceptions.

*H. N. Allin,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

BY THE COURT. The fact that intoxicating liquors were found in the tenement of the defendant's mother, under the circumstances stated in the bill of exceptions, was competent. A large quantity was found in a room adjoining the tenement of the defendant, which had a door communicating with his tenement.

The facts that a large quantity was found, that the mother kept house by herself, and would not be likely to have so large a supply for her own use, that the defendant had access to the room, joined with the fact that no evidence was offered to show that the liquors belonged to any other person, tended to show that the defendant kept these liquors for the purpose of supplying the bar in his saloon. The weight of the evidence was for the jury.                                    *Exceptions overruled.*