## COMMONWEALTH *vs.* JAMES KEENAN.

Barnstable.    February 4, 1889. — February 26, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Sale of Intoxicating Liquors — Common Nuisance — Evidence — Charge*
*to Jury as to Matter of Fact.*

The testimony of an officer, claiming to act under a search-warrant, that he found intoxicating liquors on premises searched by him, is admissible without the production or proof of the existence of such a warrant.

At the trial of an indictment for keeping and maintaining a common nuisance, on the Pub. Sts. c. 101, §§ 6, 7, and for unlawfully keeping for sale intoxicating liquors, there was evidence that there was on the premises a window and a mechanical contrivance by which a man behind a bar in a bar-room, which was a rear room, could see and exclude persons entering an adjoining front room, and the defendant, to show that these were innocent contrivances, offered evidence that in other years, when he had a license, he had always exercised great care as to the persons to whom and the times when he sold. *Held,* that the evidence was too remote, and was properly excluded.

Evidence was also admitted, that in a cellar, the only interior entrance to which was from the bar-room, beer was found concealed in considerable quantity, and half a barrel of bottles called "smugglers," containing drippings of spirituous liquors. The presiding judge instructed the jury, with regard to the beer, that "the finding of an article of merchandise in a place of business where merchandise is for sale would have a tendency to show that it was there for sale," and refused to rule, as requested by the defendant, that the presence of such an article would not tend to show that it was there for sale. *Held,* that the instruction only meant that the jury was warranted in drawing the inference that the beer was kept for sale if they thought proper, and was not a charge as to a matter of fact.

INDICTMENT, in two counts, for keeping and maintaining a common nuisance, to wit, a tenement in Sandwich used for the illegal sale and keeping of intoxicating liquors, from January 1, 1888, to October 12, 1888, and for unlawfully keeping for sale such liquors on June 10, 1888.

At the trial in the Superior Court, before *Brigham,* C. J., the government offered the testimony of several officers, claiming to act under the authority of a search-warrant, tending to show the finding by them of intoxicating liquors, and bottles that had recently contained such liquors, in the cellar of a building, being the tenement in question, occupied by the defendant as a place of business, and in the lower front room of which he sold cigars, tobacco, and newspapers.

The defendant asked the judge to rule, that, before this evidence was admissible, the government must produce the search-warrant, or legally prove the existence of the same as a legal search-warrant. No evidence other than the statement of one of the officers that they were acting under a search-warrant was offered by the government of the existence thereof.

The judge declined so to rule, and, against the defendant's objection, admitted the testimony.

There was evidence that there was a room back of and connected with the front room referred to, which was used by the defendant as a bar-room; that behind the bar was a window commanding a view of the entrance to the front room, and enabling a person standing there to see all parties entering the front room, and by means of a mechanical contrivance to close the door between the rooms so as to exclude persons from the bar-room; that, whenever the town of Sandwich voted to grant licenses to sell intoxicating liquors, the defendant had always received a license, and sold such liquors on the premises; and that the town had duly voted to grant licenses to sell such liquors for the year 1888, but that the selectmen had not granted any.

Upon the cross-examination of a government witness, the defendant, to show that the window and the mechanical contrivance were designed for proper and innocent purposes, asked the witness whether the defendant had not always, when selling intoxicating liquors on the premises under a license, exercised great care as to the persons to whom and the times when he so sold. The district attorney objected to this question, and the judge excluded it.

The only intoxicating liquors found upon the defendant's premises by the officers consisted of about fifty bottles of lager beer in a barrel, covered by hay and pieces of cement, at the farther end of the cellar under the building, the only interior entrance to which was by means of steps leading from the bar-room, and about half a barrel of bottles, called smugglers, also in the cellar and at the foot of the steps, in which were found drippings of spirituous liquors.

As to the bearing of the finding of said beer upon the allegations of the indictment, the judge ruled that the finding of an

article of merchandise in a place of business where merchandise is for sale would have a tendency to show that it was there for sale.

The defendant excepted to this ruling, and asked the judge to rule, that, if the selling of such article of merchandise would be an offence, its bare presence in such a place of business would not tend to show that it was there for sale, but the judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day & T. C. Day*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J.   1.  No exception appears to have been taken to the evidence of what the officers found in the defendant's building.   The evidence would have been admissible, even if their search had not been authorized by their warrant.   *Commonwealth* v. *Welsh*, 110 Mass. 359.   *Commonwealth* v. *McCue*, 121 Mass. 358.   *Commonwealth* v. *Henderson*, 140 Mass. 303.

2.  There was a window and a mechanical contrivance, by which a man behind the bar, in the alleged bar-room, could see and exclude persons who entered the front room.   In order to show that these were innocent contrivances, evidence was offered that, in other years, when the defendant had a license, he had always exercised great care as to the persons to whom and the times when he sold.   The evidence was properly excluded.   The fact of which evidence was offered was too remote in time and character from the fact sought to be established by inference, to have any tendency to prove it.   Evidence seems to have been admitted that the contrivance was there in previous years, and had an innocent origin.

3.  The last exception is to the instruction with regard to the beer found on the premises, that the finding of an article of merchandise in a place of business where merchandise is for sale, would have a tendency to show that it was there for sale. It is now argued that this was an instruction upon a matter of fact.   But from the defendant's request for an instruction to the effect that the presence of the articles would not tend to show that it was there for sale, it is evident that the judge's

attention was directed to a different point, and that the exception was to allowing the jury to draw the inference, not to the use of words implying that the inference was the proper one.

It is true in most cases, that, when a fact in issue is to be inferred from facts proved, the court cannot instruct the jury as to probabilities or presumptions of fact, but can only determine that, if the jury draw the inference upon the presumptions which they have learned from their experience of life, they will be warranted so far as the court knows, and will not be making a mere guess without adequate data. *Commonwealth* v. *Briant*, 142 Mass. 463. *Doyle* v. *Boston & Albany Railroad*, 145 Mass. 386, 388. *Commonwealth* v. *Hayes*, 145 Mass. 289.

But the phrase " would have 'a tendency to show," was not a ruling that there was a presumption of fact; it was simply the phrase which is commonly used to characterize evidence which is admissible to prove a fact in issue. See, for example, *Commonwealth* v. *Doe*, 108 Mass. 418, 420; *Commonwealth* v. *Hayes*, 114 Mass. 282; *Commonwealth* v. *Gallagher*, 124 Mass. 29, 30. It meant no more than that the jury would be warranted in drawing the inference if they thought it the proper one. See *Commonwealth* v. *Clifford*, 145 Mass. 97, 98. If the suggestion had been made that the jury might understand the court to imply an opinion, doubtless further explanations would have been given, as under our statute great care is taken to make language as colorless as possible.

Thus construed, the ruling was right with reference to the circumstances of this case. It does not appear that we have all the evidence before us. But it does appear that the room from which the cellar was entered was a bar-room, with a contrivance which might be used to prevent surprise, that the beer was concealed and in considerable quantity, and that there were drippings of spirituous liquors in half a barrel of empty bottles called smugglers. We cannot pronounce the inference that the beer was kept for sale so little warranted by the teachings of experience as to be but a mere guess. *Commonwealth* v. *Berry*, 109 Mass. 366. *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 24. *Commonwealth* v. *Doe*, 108 Mass. 418. *Commonwealth* v. *Hayes*, 114 Mass. 282. *Commonwealth* v. *Gallagher*, 124 Mass. 29.

*Exceptions overruled.*