COMMONWEALTH *vs.* JAMES VAHEY.

Middlesex.   January 27, 1890. — February 25, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence.*

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common
nuisance, after proof of sales and of the finding of a small quantity of intoxicating
liquor in a can in the tenement in question, evidence was offered that in a house
only fifty feet distant, belonging to the defendant's brother-in-law, were found
three jugs containing the same kind of liquor as that found in the can in the
defendant's tenement; and that on different occasions during the time alleged,
within the defendant's observation, his wife and sons had been seen carrying
such a can, and his wife alone carrying a bag containing what resembled in
form a jug, from the brother-in-law's house to that of the defendant. *Held,*
that the evidence offered was competent.

COMPLAINT for keeping and maintaining a common nuisance,
to wit, a tenement in Watertown used for the illegal sale and
keeping for sale of intoxicating liquors, from June 1 to July
23, 1889.

At the trial in the Superior Court, before *Sherman,* J., there
was evidence tending to show that the defendant lived with
his wife and children in the tenement in question; that during
the time alleged, persons were seen going to and coming from
the defendant's premises, some of them under the influence of
liquor; that on July 20, 1889, certain police officers searched
the premises and found in the kitchen a two-quart can and two
pitchers, all of which smelt of liquor; that in the can there
was a little whiskey, and that a jug containing whiskey mixed
with a powder for medicinal purposes, was found in the same
room.   The government then offered to introduce evidence that
on the same day the officers searched a house fifty feet distant

from the defendant's, belonging to one Rattigan, a brother-in-law of the defendant; that three jugs of whiskey were there found; that the officers on different occasions during the time alleged, while the defendant was sitting on the piazza of his house, had seen the defendant's wife and sons going from his house to that of Rattigan, and returning to the defendant's house carrying with them a can similar in appearance to that found on the premises in question; that on one occasion they saw the defendant's wife carrying from Rattigan's house a bag containing what resembled in form a jug. The defendant objected to the evidence offered, but the judge admitted it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B. Moran*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   The only question before us is whether there was any evidence in the case which fairly showed that the liquor in Rattigan's house was kept there by the defendant for sale in his own house.   As bearing upon this question, all the evidence indicating that sales were made in his house was competent, together with the facts that Rattigan was his brother-in-law; that Rattigan's house was only fifty feet away; that three jugs were found there, containing the same kind of liquor as that of which a small quantity was found in the defendant's house; that there was a little whiskey in the can in the defendant's house; that at different times the defendant's wife and sons had been seen carrying such a can from Rattigan's house to the defendant's house; that the defendant's wife had been seen at one time carrying there a bag containing what resembled in form a jug; and that these things were done within the observation of the defendant. We are of opinion that the evidence was competent, in connection with the other circumstances of the case.   The weight of it was for the jury.   *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 27.   *Commonwealth* v. *Kahlmeyer*, 124 Mass. 322.   *Commonwealth* v. *McCullow*, 140 Mass. 370.

*Exceptions overruled.*