## COMMONWEALTH *vs.* TIMOTHY MURPHY.

Suffolk.   February 7, 1891. — February 25, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Complaint — Appeal — Evidence of Intent.*

At the trial, on appeal, in a criminal case, the defendant may be tried on evidence different from that on which he was convicted in the lower court.

On a complaint for keeping intoxicating liquors on a certain day with intent unlawfully to sell the same, it appeared that on that day a tin pail containing whiskey was found in the defendant's house; and that the house was frequently visited by persons other than the defendant's family. Evidence was admitted, against his objection, that on the morning of that day the defendant was seen

to enter several times a house opposite, occupied by other persons, and to return to his own house; and that a jug of whiskey was found in the house opposite. *Held,* that the evidence had some tendency to show that the defendant was using the house opposite as a storehouse for his liquor, and that it was competent on the question of the intent with which he kept the same.

COMPLAINT to the Municipal Court of the South Boston District in the city of Boston, for keeping intoxicating liquor with intent unlawfully to sell the same on September 14, 1890. At the trial, on appeal, in the Superior Court, before *Barker,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions to the admission of certain evidence, the nature of which appears in the opinion.

*J. R. Murphy & M. J. Moore,* for the defendant.

*A. E. Pillsbury,* Attorney General, for the Commonwealth.

LATHROP, J.   The evidence objected to was not admitted for the purpose of showing that the defendant had committed an offence other than the one tried in the municipal court, but as evidence bearing upon the question whether he had committed the offence of which he had been there convicted. Although the defendant could not be tried in the Superior Court for an offence other than the one on which he had been convicted in the court below, he might be tried on other evidence. *Commonwealth* v. *McNeff,* 145 Mass. 406.

The only question remaining is whether the evidence objected to was admissible on the question whether the defendant unlawfully kept for sale intoxicating liquor at 89 Bolton Street, with intent unlawfully to sell the same.   Evidence was admitted, without objection, that on the day charged in the complaint a tin pail containing whiskey was found at 89 Bolton Street, and that the defendant's premises were frequently visited by persons other than the family of the defendant.   The evidence objected to was that, on the morning of the day charged in the complaint, the defendant was seen to enter several times the house opposite his own, (which was occupied by one Brady and others,) and to return from it to his own house; and that a jug of whiskey was found in that house.

In the opinion of a majority of the court the evidence objected to, considered in connection with the other evidence in the case, had some tendency to show that the defendant was using the

Brady house as a storehouse for his liquor, and that it was competent on the question of the intent with which he kept the liquor found in his own house. *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 27. *Commonwealth* v. *McCluskey*, 123 Mass. 401. *Commonwealth* v. *Kahlmeyer*, 124 Mass. 322. *Commonwealth* v. *McCullow*, 140 Mass. 370. *Commonwealth* v. *Vahey*, 151 Mass. 57. The weight of the evidence was for the jury.

*Exceptions overruled.*