COMMONWEALTH *vs.* JOHN S. HUGHES.

Plymouth.   November 11, 1891. — November 18, 1891.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence for Jury.*

At the trial of an indictment on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping of intoxicating liquors, there was evidence that the defendant had a bottling establishment at the place in question, and was also an expressman; that a keg such as beer came in had been found on the premises; that cases of empty bottles were unloaded from his team there, and were replaced by what seemed to be full bottles, and deliveries made therefrom, especially in the night-time; that the driver had been seen to deliver a case of lager beer at a house near by; and that the defendant had said that the beer delivered by him was bottled in another town. *Held,* that the evidence was sufficient to warrant a conviction.

INDICTMENT, upon the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a tenement in Brockton, used for the illegal keeping and illegal sale of intoxicating liquors from January 1, 1891, to June 8, 1891. At the trial in the Superior Court, before *Aldrich*, J., the testimony for the government, as given by several police officers, was that the defendant's place of business, being the tenement in question, was situated at the corner of Lincoln Street and Railroad Avenue in Brockton, and part of it was fitted up as a bottling establishment; that the defendant was also an expressman; that one of the officers visited the defendant's place in January, 1891, and told the defendant that he came there to see how the defendant obeyed the law; and the defendant told him that he tried to live up to the law, and that he had been bottling lager beer and ale, but would stop; that the defendant said he run an express to Randolph, and what beer he delivered in Brockton was bottled in Randolph; that the defendant's team had been seen at the place in

question, and cases of empty bottles unloaded therefrom, and what appeared to be cases of full bottles loaded thereon; that the team had been followed, and the driver seen to deliver a case of lager beer at a house a short distance from the defendant's place; that one of the officers, upon visiting the defendant's place in May, 1891, saw a keg similar to those used for beer upon the premises; that upon several occasions in the night-time the defendant's team was unloaded at the place in question, and again loaded with cases filled with bottles, and the driver seen to deliver therefrom several cases; and that the defendant's team frequented the freight-house in Brockton a good deal.

The judge refused to rule, as requested by the defendant, that upon the evidence the defendant could not be convicted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. H. Chase & F. M. Bixby*, for the defendant.

*A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

PER CURIAM.    The evidence was proper for the consideration of the jury, and was sufficient to warrant a verdict of guilty. *Commonwealth* v. *Burke*, 114 Mass. 261, 263.    *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 24.    *Commonwealth* v. *McCluskey*, 123 Mass. 401.