## COMMONWEALTH *vs.* MICHAEL J. SHEA.

Worcester.     October 2, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Evidence.*

At the trial of a complaint for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, it appeared that on October 2, the day named in the complaint, three cases of lager beer were found by officers in a vacant tenement belonging to the defendant's mother; that this tenement was connected by a frequently travelled path from two to three hundred yards long with a house inhabited by the defendant and his mother; that in the latter house were a saloon and bar, in which there was evidence that, on August 25, the defendant sold lager beer on demand; that on two occasions two or three men under the influence of liquor were seen coming from the direction of this house; that the defendant two or three weeks before October 2 was seen walking on the path toward the tenement where the lager beer was found; and that no traces of liquor were found in the saloon. *Held,* that there was some evidence for the consideration of the jury.

At the trial of a complaint for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, it appeared that on October 2, the day named in the complaint, three cases of lager beer were found by officers in a vacant tenement belonging to the defendant's mother; that this tenement was connected, by a frequently travelled path from two to three hundred yards long, with a house inhabited by the defendant and his mother; and that in the latter house were a saloon and bar, in which there was evidence from only one witness, A., who was discredited, that on August 25 the defendant sold lager beer on demand. The defendant asked for a ruling that, if there was not a sale to A. as testified to by him, there was not sufficient evidence that the defendant kept the beer in question with intent to sell it contrary to law. The judge instructed the jury, that, if they should find that there was a sale on August 25, as testified to by A., that was competent evidence that on October 2 the defendant was in control of the premises and kept the liquors to be sold contrary to law. *Held,* that the defendant had no ground of exception.

---

COMPLAINT for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, on October 2, 1892, at Warren. At the trial, in the Superior Court, before *Maynard*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in October, 1893, and afterwards was submitted on the briefs to all the judges.

*W. Thayer*, (*H. W. Cobb* with him,) for the defendant.

*F. A. Gaskill*, District Attorney, for the Commonwealth.

HOLMES, J. The main question is whether there is any sufficient evidence that the defendant kept three cases of lager beer, which were found by officers on October 2, 1892, in a vacant tenement belonging to the defendant's mother. This tenement was connected by a frequently travelled path, from two to three hundred yards long, with a house inhabited by the defendant and his mother. In the latter house was a saloon and bar, in which there was evidence that on August 25, 1892, the defendant sold lager beer on demand. It also appeared that on two occasions two or three men under the influence of liquor were seen coming from the direction of this house, and that the defendant two or three weeks before October 2 was seen walking on the path toward the tenement where the lager beer was found. No traces of liquor were found in the saloon.

This evidence warranted a finding that on August 25 the defendant kept a saloon used for the illegal sale and illegal keeping for sale of intoxicating liquors; *Commonwealth v. Coolidge*, 138 Mass. 193; *Commonwealth v. Hayes*, 150 Mass. 506, 507; and that he still kept the saloon. *Commonwealth v. Kelley*, 116 Mass. 341. If the beer had been found on the day of the sale, the inference would have been that the defendant kept it rather than his mother, and that he kept it for sale in his saloon. See *Commonwealth v. Intoxicating Liquors*, 116 Mass. 24; *Commonwealth v. Intoxicating Liquors*, 116 Mass. 27; *Commonwealth v. Kahlmeyer*, 124 Mass. 322; *Commonwealth v. McCullow*, 140 Mass. 370; *Commonwealth v. Murphy*, 153 Mass. 290. The inference is weakened, but we cannot say it is destroyed, by the fact that a month had elapsed. In the opinion of a majority of the court, there was some evidence for the consideration of the jury.

The sale on August 25 was testified to by only one witness,

Sanborn, who was discredited. The defendant asked for a ruling that, if there was not a sale to Sanborn, as testified to by Sanborn, there was not sufficient evidence that the defendant kept the beer in question with intent to sell it contrary to law. This request was open to objection in form, as singling out particular testimony. The jury, however, must have understood that the government's case depended on Sanborn's evidence. The judge instructed them that, if they should find that there was a sale on August 25, as testified to by Sanborn, that was competent evidence that on October 2 the defendant was in control of the premises and kept the liquors to be sold contrary to law. Apart from Sanborn's testimony, there was no pretence of any evidence of a sale on August 25, or of the defendant's control of the saloon.          *Exceptions overruled.*