COMMONWEALTH *vs.* ROBERT T. LYONS.

Essex.   November 10, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Intoxicating Liquors — Maintaining Nuisance — Evidence.*

At the trial of a complaint for maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, it appeared that the defendant owned the building in question, which was occupied by him as a shop and a dwelling-house, and also the adjoining building, which was let by him to tenants; and that the two buildings were connected by a passageway. There was evidence that, on a certain day, a large number of men were seen from time to time going into the rear of the defendant's shop; that the defendant on that day went several times from his shop to the door leading into the cellar of the adjoining building, and returned each time appearing to have something which he held in his hand under his jacket, and once he carried something in his hand which appeared to be filled lager beer bottles; and that at another time he returned with a bundle done up in a newspaper. *Held,* that evidence that, two days later, searching officers found a large quantity of intoxicating liquors in the cellar of the adjoining building, was admissible.

COMPLAINT, for keeping and maintaining a common nuisance, to wit, a certain tenement in Haverhill used for the illegal sale and illegal keeping of intoxicating liquors, on March 1, 1892, and on divers other days and times between that day and May 21, 1892. Trial in the Superior Court, before *Dunbar,* J., who allowed a bill of exceptions, in substance as follows.

Evidence was introduced by the government tending to prove that the defendant was the owner of two buildings adjoining each other and numbered 197 and 199 River Street, in Haverhill. The buildings were separated by an open passageway ten feet

wide.   The building numbered 197 was occupied by the defend-
ant as a shop used for the sale of groceries and provisions, and
also as a dwelling-house.   The shop was upon the ground floor
of this building, and the rear part of the shop was divided off
from the front by a partition.   From this rear room a door led
out upon a platform from which steps descended into the pas-
sageway.   There was no other door which led from the de-
fendant's building to and upon this platform.   Nearly opposite
the platform across this passageway there was a door in the
building numbered 199 leading into the ground floor of the
building, and from the ground floor there was a door leading
into the cellar of the building.   A witness for the government
testified that on May 15, 1892, which was Sunday, he was a
special police officer, and observed the two buildings a large
part of the day; that during the day sixty men went from
the street through the passageway, and turned towards the
platform, a large part of them returning to the street after a
short stay ; that between the hours of twelve and one o'clock
he saw the defendant, wearing a cardigan jacket, come seven
times from the platform and cross the passageway, and disap-
pear in the direction of the door in the building numbered 199 ;
that the last mentioned door, as well as the door leading to the
platform, was concealed by the method of construction of the
building from the view of the witness; that each of the seven
times the defendant returned, appearing to have something with
him which he held with his right hand under the cardigan jacket ;
that once the defendant returned carrying something in his left
hand, which seemed to the witness, from his post of observation
in the third story of a building one hundred and thirty feet
away, to be lager beer bottles full of something; and that these
journeys across the passageway were each made shortly after
men had gone into the building numbered 197, as before de-
scribed.   Another witness for the government, observing the
buildings from another point, saw the defendant on the same
day come once from the door of the rear room of the shop upon
the platform, cross the passageway, and enter the door leading
into the building numbered 199, and return with a bundle done
up in a newspaper.

On May 17, 1892, officers visited the two buildings with a

search-warrant. In the cellar of the building numbered 197, and in the part used as a dwelling-house, a large number of empty lager beer bottles were found. A witness called for the government testified that he occupied the ground floor of the building numbered 199 as a tenant of the defendant, and also used the cellar for the storage of coal; that another tenant at the time occupied the upper floor, and had in the cellar coal and some wash tubs; and that the intoxicating liquors therein were not the property of the witness, and he knew nothing of them. The last named tenant was not called as a witness.

The government was permitted to show that, on said May 17, the officers visited the cellar of the building numbered 199, and there found the following articles: 114 bottles of lager beer, 15 gallons of lager beer in a barrel, a pint and one half of whiskey' in two bottles, 17 cases containing lager beer bottles full and half full, one empty beer bottle, 16 empty jugs, one twenty-gallon cask, and one ten-gallon cask. This evidence was admitted, against the objection of the defendant, who excepted to its admission.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. P. Moulton*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

HOLMES, J. The defendant owned the building in which the liquors were found, and so far as appears had the right to use the cellar. At all events, he did use it in connection with the neighboring house occupied by him, which is alleged to have been a nuisance, and there is evidence that he carried beer from the former to the latter. Evidence of the discovery of beer and whiskey seemingly belonging to the defendant in the former house was admissible. *Commonwealth* v. *McCluskey*, 123 Mass. 401. *Commonwealth* v. *McCullow*, 140 Mass. 370. *Commonwealth* v. *Vahey*, 151 Mass. 57. *Commonwealth* v. *Murphy*, 153 Mass. 290. *Commonwealth* v. *Shea, ante,* 6.

*Exceptions overruled.*