COMMONWEALTH vs. ZANON KOZLOWSKY.

Middlesex.    November 21, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Intoxicating Liquors,* Illegal keeping for sale. *Evidence,* Competency, Relevancy and materiality.

At the trial of a complaint charging the defendant with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same, there was evidence that the defendant had a store in which there were fixtures and supplies for the sale of non-intoxicating beverages; that on an August 17 a police

officer went to the defendant's house, which was about a four or five minute walk from his store, with a search warrant which he showed to the defendant's daughter; that before entering he heard the sound of the breaking of glass and upon entering the kitchen found in a wash-tub two broken glass jugs; that he "sopped up" with a handkerchief from the wash-tub nearly a quart of whiskey; that he found a small funnel on top of the wash-tub; that the odor of the liquor was that of moonshine whiskey, that it contained thirty-six and seventy-one one hundredths per cent alcohol; that the contents of the trap leading from the wash-tub contained forty-six one hundredths of one per cent of alcohol; that while the officer was at the house the defendant came in, was shown the search warrant, and was told that about a quart of whiskey had been found, that the defendant said it was his and that it was for his own use; and that on four occasions in July and August preceding August 17 an officer had seen the defendant or members of his family carrying from the house to the store packages wrapped in newspapers. There was no evidence as to what these packages contained. The judge instructed the jury that they must return a verdict of not guilty unless satisfied beyond a reasonable doubt that the intoxicating liquor found in the defendant's house was kept for sale. *Held*, that

(1) A verdict of guilty was warranted;

(2) The jury might have found, as a rational inference, that the defendant's dwelling house was the storehouse or place in which whiskey was kept and from there carried a short distance to the saloon or store, for the purpose of sale.

Upon a complaint charging the exposure and keeping for sale of intoxicating liquor with intent unlawfully to sell the same, if liquor found in the defendant's dwelling house was kept with intent to sell it contrary to law he is guilty of the offence charged whether he intended that the liquor should be sold upon the premises or elsewhere.

At the trial of a complaint of the character above described an officer who searched the defendant's dwelling house and seized the liquor properly may be asked and allowed to answer, for the purpose of showing that in searching the defendant's premises he acted under lawful authority, the question "Did you have a search warrant?" and he may testify to what he heard and did and what he found upon entering the premises, even if acting unlawfully.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on August 17, 1921, charging Zanon Kozlowsky with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same.

On appeal to the Superior Court the complaint was tried before *J. F. Brown*, J. Material evidence and exceptions to the admission of evidence are described in the opinion.

At the conclusion of the evidence the defendant moved that the Commonwealth be required to elect as to whether it would stand upon the charge that liquor was kept and exposed for sale unlawfully at the defendant's residence or at his place of business. The judge ruled that there was no evidence for the jury to consider that any intoxicating liquor was kept or exposed for sale at the

defendant's place of business, and the district attorney thereupon stated to the jury that all of the evidence bearing upon the seizure at the defendant's place of business was withdrawn from the jury.

The defendant also moved that the jury be ordered to return a verdict of not guilty and requested the judge to rule and instruct the jury that there was no evidence to justify conviction. The judge refused to order a verdict of not guilty or to rule as requested and instructed the jury that there was no evidence upon the charge of keeping liquor at the defendant's place of business; that there was no direct evidence of any sale of intoxicating liquor by the defendant or that any intoxicating liquor was kept or exposed for sale by him; that, unless the jury were satisfied beyond reasonable doubt that circumstances had been shown proving beyond reasonable doubt that the whiskey seized in the defendant's house was kept for sale by the defendant, they must return a verdict of not guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. W. Rowley,* for the defendant.

*E. P. Saltonstall,* District Attorney, & *R. H. .Beaudreau,* Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J. The complaint charges the defendant with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same. At the close of the evidence the presiding judge refused to direct a verdict of not guilty, as requested by the defendant, and the defendant excepted.

One Healy, a police officer, testified that he knew the defendant, who lived at 106 Berkshire Street, Cambridge, and had a store at 692 Cambridge Street, about "four or five minutes walk" from his house; that from the front door of the store on Cambridge Street, a bar ran twenty or twenty-five feet to the rear; that there was a door in back of the bar where there were shelves upon which were bottles containing various kinds of tonic, ginger cordials and other beverages; that under the bar were fixtures for drawing "near-beer" from the cellar, and glasses were kept on the sink; that in the cellar "near-beer" in barrels and half barrels was kept. This witness further testified that on August

17, 1921, he went to the defendant's house with a search warrant which he showed to the defendant's daughter; that before entering he heard the sound of the breaking of glass, and upon entering the kitchen found in a wash-tub two broken glass jugs; that he "sopped up" with a handkerchief from the wash-tub nearly a quart of whiskey; that he found a small funnel on top of the wash-tub; that the odor of the liquor was that of moonshine whiskey, and an analysis by the State chemist showed that it contained thirty-six and seventy-one one hundredths per cent alcohol; that the contents of the trap leading from the wash-tub contained, according to analysis by the State chemist, forty-six one hundredths of one per cent of alcohol; that while he was at the house the defendant came in, and the witness informed him that he had a search warrant, showed it to him, and told him that he had found there about a quart of whiskey; that the defendant said it was his and that he had it for his own use.

One Douglas, a police officer, testified that on August 6, 1921, he searched the defendant's place of business at 692 Cambridge Street; that when he entered the defendant's son ran to the rear of the room; that he found no intoxicating liquor there. He further testified that on July 15, at six o'clock in the morning, he saw the defendant go from his house to his store carrying under his arm a package wrapped in a newspaper; that forty minutes later he saw the defendant's son go from the house to the store carrying in like manner a package done up in a newspaper; that on July 30, at ten minutes after six o'clock in the morning he saw the defendant's wife go from the house to the store carrying a similar package; that on August 3 he saw the defendant go from the house to the store carrying a similar package. There was no evidence as to what these packages contained. The question is, whether upon the foregoing evidence the jury were warranted in finding that the whiskey seized in the house at 106 Berkshire Street was kept for sale by the defendant.

The mere possession of intoxicating liquor is not prohibited by our statute; the criminal offence charged is the keeping with intent to sell it unlawfully. *Commonwealth* v. *Hayes,* 114 Mass. 282, 285. If the whiskey found in the defendant's house was kept with intent to sell it, contrary to law, it would be immaterial

that it was not intended to be sold in the place where it was found; if kept in the defendant's house with intent by him to sell at his place of business, he would be guilty of the offence charged. *Commonwealth* v. *McCluskey*, 123 Mass. 401, 406. The circumstance that whiskey was found in the house was admissible to prove that intoxicating liquor was kept by the defendant although, of course, it would not be sufficient to convict without other evidence to show the intent with which it was kept there.

The complaint does not allege the unlawful keeping for sale of intoxicating liquors at any particular building or place. The sole issue submitted to the jury was whether the whiskey seized in the defendant's house was kept for sale by him. The intent unlawfully to sell may, and generally must, be proved by circumstantial evidence. The finding of whiskey in the house and a funnel on the wash-tub, and the other evidence, were sufficient to warrant a conviction. We cannot say that the jury could not have found, as a rational inference, that the defendant's dwelling house was the storehouse or place in which whiskey was kept and from there carried a short distance to the saloon or store, for the purpose of sale. "It certainly was not a violent stretch of credulity in the jury to believe that the liquors were kept at the house to be sold at the saloon." *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 24, 26. *Commonwealth* v. *McCluskey, supra. Commonwealth* v. *Downey*, 148 Mass. 14. *Commonwealth* v. *Gillon*, 148 Mass. 15. *Commonwealth* v. *Keenan*, 148 Mass. 470. *Commonwealth* v. *Shea*, 160 Mass. 6. *Commonwealth* v. *Lyons*, 160 Mass. 174. *Commonwealth* v. *Martin*, 162 Mass. 402. *Commonwealth* v. *Foster*, 182 Mass. 276.

The case at bar is distinguishable from *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 595.

The exception to the admission of the question to the officer who searched the defendant's house, "Did you have a search warrant?" cannot be sustained; the question and answer were admissible as tending to show that in searching the defendant's premises he acted under lawful authority. It is immaterial whether the officer had a warrant to search the premises of the defendant or not; or whether if he had such a warrant it was defective. *Commonwealth* v. *Wilkins*, ante, 356, and cases there collected. "Evidence which is pertinent to the issue is admissible

although it may have been procured in an irregular or even an illegal manner." *Commonwealth* v. *Tibbetts,* 157 Mass. 519, 521. Apart from the testimony of the officer that he had a warrant to search the defendant's dwelling place, he testified that he exhibited it to the defendant and to his daughter.

The exception to the testimony of the officer who searched the house and made the seizure as to what he heard and did, and what he found upon entering the kitchen, must be overruled. The facts were within his knowledge and were material upon the issue presented at the trial, even if he were acting unlawfully, which does not appear. *Commonwealth* v. *Hurley,* 158 Mass. 159.

The judge could not properly have directed a verdict for the defendant; he rightly instructed the jury that they must return a verdict of not guilty, unless satisfied beyond a reasonable doubt that the whiskey found in the defendant's house was kept for sale. We find no error of law in the conduct of the trial.

*Exceptions overruled.*