COMMONWEALTH *vs.* WILLIAM KENNEDY.

Bristol. October 26. — December 16, 1875. MORTON, J., absent.

If a married woman keeps intoxicating liquors for sale in violation of law in a house which she and her husband own jointly, the husband will be liable for such illegal keeping, if he has knowledge of the fact and of her intent, although he has no interest in the stock in trade, or in the profits.

INDICTMENT for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors on August 1, 1874, and divers other days between that day and September 17, 1874.

At the trial in the Superior Court, before *Wilkinson*, J., there was evidence that certain liquors were found in a shop being a

portion of the dwelling-house of the defendant's wife, and that the defendant was seen in the shop or place where the liquors were found ; but there was no evidence of sales by the defendant or of his doing anything except being present in the shop and helping the officers to uncouple the pipe from a beer barrel and helping roll it out.

The defendant testified that the premises in question were owned by himself and wife jointly, but that he did not know how to read or write, and that his wife carried on the business of the shop on her sole and separate account, buying the articles kept in her own name, and selling them and receiving the pay and keeping the profits to her own use. The defendant's wife being called as a witness testified that the premises were owned by herself and husband, both names being in the deed, and that she on her own account carried on the business since May 1874 in the shop, buying and selling in her own name the articles in the store or shop, and that her husband, the defendant, had no interest or ownership in the things bought and sold, nor in the profits, but that they belonged to herself. On cross-examination she testified that she and her husband owned other real estate together, and on being asked by the district attorney, " Then you and your husband put your money together, do you? " she answered, " Yes, in building the other house."

It was admitted that no certificate had been filed in the city clerk's office, either by herself or husband, under the St. of 1862, c. 198.

This testimony was not controverted as to the ownership of the premises, or as to the ownership of the articles including the liquors in the shop, or as to the fact that the wife bought and sold and carried on the business in her own name.

The defendant's counsel requested the judge to instruct the jury, " that if the jury are satisfied that the place was kept and the stock owned by the wife and not by the husband, and that she was carrying on the business on her own separate account, her husband having no interest in the profits or ownership of the articles bought or sold, nor profits, the presumption of law is, unless there is an express agreement to the contrary, that the business is presumed to be on her separate account, and that herself and not her husband would be liable for the illegal keeping

if any there was." The judge declined to give the instruction as requested, but did instruct the jury in a manner not excepted to unless the particular instruction asked for should have been given.

The defendant was found guilty, and alleged exceptions to the refusal of the judge to rule as requested.

*L. Lapham*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

COLT, J. The liquors kept for illegal sale were found in a shop which was a portion of a dwelling-house owned by the defendant and his wife, who acquired title by a deed in which both were named as grantees. They were therefore both seised of the entirety, and the husband was entitled during coverture to the rents and profits. *Shaw* v. *Hearsey*, 5 Mass. 521.

The fact that the wife there carried on an illegal traffic, and that he had no interest in the stock in trade or in the profits, does not alone exempt the defendant from the charge of keeping a tenement for the illegal keeping and sale of intoxicating liquors. It was declared in *Commonwealth* v. *Barry*, 115 Mass. 146, that the statutes which give a married woman the right to carry on any trade or business on her sole and separate account, do not deprive a husband of his common law right to control his own household; that he has power to prevent his wife from using his house for an illegal business or purpose; that if he permits her to use it for the illegal business of keeping intoxicating liquors for the purpose of sale, he becomes a participator in the misdemeanor; and that the fact that she is carrying on the business on her own account does not release him from liability.

It is to be assumed in the case at bar, although not distinctly stated, that the place in question was the dwelling-house occupied by the defendant and his wife, and that the defendant permitted the illegal conduct of the wife; and that proper instructions were given to the jury upon these points.

The court properly refused the single instruction requested.

*Exceptions overruled.*