COMMONWEALTH *vs.* JOHN CARROLL.

Middlesex. Nov. 26, 1877. — Jan. 2, 1878. COLT, LORD & SOULE, JJ., absent.

If a married woman keeps intoxicating liquors for sale in violation of law in a house owned by herself, but which is also the domicil of the family, and as such under the legal control of her husband, he can be convicted of such illegal keeping, if he has knowledge of the fact and of her intent, and permits her to carry out such intent, although he has no interest in the stock in trade, or in the profits.

INDICTMENT, under the Gen. Sts. *c.* 87, § 6, for keeping and maintaining a tenement in Woburn, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The evidence tended to show a sale of several glasses of ale by the defendant's wife on a single occasion, in his presence. Two quarts of ale were found by the officers in a pail upon the table, and some change by its side, while the defendant was present. An ale barrel was found in the cellar, containing a small quantity of ale.

The tenement in question was a dwelling-house owned by the wife. The defendant was regularly employed at his trade as a currier at some distance from the dwelling-house where he lived with his family. He testified that he did not pay for the liquor found, but that his wife did; that it was procured for her, but not for sale; and that he never consented to or authorized any sale.

The defendant requested the judge to instruct the jury that his wife in her own house had a right to carry on any trade or business without the interference or control of her husband, and, if she used the house for an illegal business or purpose, the husband had no power to prevent it; that, by his failure to prevent such illegal business or purpose, he did not become a participator in the misdemeanor, and was not liable to indictment for it.

The judge refused so to instruct the jury, but did instruct them upon this point as follows: " Even if the wife carried on the traffic, and the husband had no interest in the stock in trade or in the profits, that fact alone would not exempt the defendant from the charge in the indictment. The statutes which give a married woman the right to carry on business on her separate account do not deprive a husband of his common law right to control his own household; he has the power to prevent his wife from using his house for an illegal purpose; and, if he permits her so to use it, he becomes a participator in the misdemeanor. Where husband and wife are living together in the ordinary manner, this would be *primâ facie* the liability which he was under, although this was liable to be rebutted in any particular case, if the circumstances of the case were such that the jury believed the husband did not in fact permit and suffer the use aforesaid; and, in this case, the fact that the wife owned the house did not abridge the husband's right to control its use while occupied as their home."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Norris*, for the defendant.

*W. C. Loring*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

AMES, J. We find no error in the rulings of the presiding judge. It is true that the dwelling-house was the property of the wife, but it was also the domicil of the family, and as such was under the legal control of the defendant, who was the head of the family. *Commonwealth* v. *Wood*, 97 Mass. 225. *Commonwealth* v. *Kennedy*, 119 Mass. 211. The statutes which have been passed to enlarge the rights and privileges of married women have made no change in the law in that respect. *Commonwealth* v. *Barry*, 115 Mass. 146. *Primâ facie*, the husband

is able to prevent the wife from making an illegal use of the family dwelling-house. The jury were instructed that, if the circumstances were such that they believed he did not in fact permit and suffer such use, he could not be convicted. This instruction was all that, upon this point, the case required.

*Exceptions overruled.*