## COMMONWEALTH vs. JEFFERSON PRATT.

Norfolk.   March 24. — 27, 1879.   AMES & LORD, JJ., absent.

A witness, who has voluntarily testified in part on a matter tending to criminate him, cannot afterwards decline to answer a question upon the ground that it will criminate him.

If a married woman keeps intoxicating liquors for sale in violation of law in a hotel hired by her, and her husband aids her in such keeping, or if, without actually and actively aiding her, he is present, and has knowledge of the fact and of her intent, the presumption of law is that she is acting under his coercion, and he can be convicted of such illegal keeping.

COMPLAINT on the St. of 1875, c. 99, charging that the defendant, on October 29, 1878, at Milton, kept intoxicating liquors with intent to sell the same in this Commonwealth.

At the trial in the Superior Court, before *Bacon*, J., the government offered evidence tending to show that, on and before the day alleged in the complaint, the defendant was the proprietor of a public house; that, on that day, a quantity of intoxicating liquors was seized in the bar-room, and cellar under the same, in said house; and that the liquors were kept for sale.

The defendant offered evidence tending to show that the whole premises, from January 1, 1878, down to the time of trial, were let to the wife of the defendant; that the business carried on there and the liquors seized were her own; that the clerk of the house was employed by her; and that the defendant to a great extent was engaged in trading horses, and was absent a great part of the time from June 1, 1878, to and including October 29, 1878.   The defendant called the clerk as a witness, who testified that he had been clerk since June 1, 1878, hired by and in the employ of the defendant's wife; that she owned the business and liquors seized; that the latter had been bought since June 1; that he had not seen the defendant at any time during that period sell or deliver intoxicating liquors to any person; that the witness had charge, more or less, of the liquors and of the rooms and places in which they were deposited when seized; and that these rooms and places were not used by the defendant and his wife for family or domestic purposes.   On cross-examination, the witness was asked by the government if during that period he had sold intoxicating liquors at that house.   The witness de-

clined to answer, on the ground that an answer might criminate him. The defendant also objected; but the judge ruled that the witness must answer; and the witness thereupon answered that he had.

The defendant asked the judge to rule that, if the house and business were owned, carried on by, and under the control of the wife, the defendant would not be responsible for her illegal acts, or those of her agents, although with his knowledge, unless he actively aided or assisted therein ; and that he had no right, in law, to interfere to prevent such business, if carried on by her in those parts of the house used exclusively for the business of the hotel. But the judge refused so to rule ; and ruled that the government must show that the liquors found on October 29 were kept for sale by the defendant.; that if, at the time the liquors were kept for sale by the defendant's wife, the defendant actually aided or assisted her in such keeping, he should be convicted; that if the defendant, without actually and actively aiding his wife in such keeping, was personally present, and knew that his wife was so keeping the liquors, the presumption of law is, that the wife acted under the coercion of her husband, and that he is guilty, and she is not; that this was true, although the place where the liquors were kept was her hotel, and not merely a private dwelling-house; that this presumption might be rebutted by showing that the wife, in fact, acted without the interference or control of her husband; and that, if the defendant directed or advised his wife to keep the liquors for sale, and he was living with her in her hotel, and knew that she was so keeping the liquors, the presumption of law was that she was acting under his coercion, and that he was guilty and she not.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

By the Court. The witness, having voluntarily testified in part on the matter tending to criminate him, was not entitled to claim his privilege. *Commonwealth* v. *Price*, 10 Gray, 472. The instructions as to the responsibility of the defendant were correct. *Commonwealth* v. *Barry*, 115 Mass. 146. *Commonwealth* v. *Carroll*, 124 Mass. 30.                *Exceptions overruled.*