(164 App. Div. 25)

## PEOPLE v. WALTER.

(Supreme Court, Appellate Division, Second Department.   October 2, 1914.)

1. CRIMINAL LAW (§ 42*)—IMMUNITY OF PERSON TESTIFYING—WAIVER.

Const. art. 1, § 6, declares that a person accused of crime cannot be compelled to be a witness against himself, and Penal Law (Consol. Laws, c. 40) § 770, provides that a person committing an offense against the elective franchise is a competent witness against any other person so offending, and may be compelled to testify, but the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the witness.   *Held* that, where accused appeared voluntarily before a committing magistrate, and, after being fully warned, requested that his testimony be taken, he waived immunity, and hence the testimony so given was available against him, in a subsequent prosecution for a franchise offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 45–48; Dec. Dig. § 42.*]

2. STIPULATIONS (§ 14*)—EVIDENCE—JOINT DEFENDANTS.

Where defendant and C. were jointly tried with their consent for an offense against the franchise, and at the beginning of the trial it was stipulated that all testimony offered in behalf of either defendant and received without objection should inure to the benefit of both, the converse was equally true, and hence, where a witness gave certain testimony that created an inference favorable to C., proof in rebuttal that such testimony was false, and showing that the fact tended to an incriminatory inference, was admissible against accused as well.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Jenks, P. J., and Carr, J., dissenting.

Appeal from Trial Term, Queens County.

Louis T. Walter, Jr., was convicted of making, tendering, and offering to procure and to cause a nomination to a public office, on payment and contribution of a valuable consideration, and on the understanding and promise thereof, and he appeals.   Affirmed.

Certificate of reasonable doubt denied, 149 N. Y. Supp. 390.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Robert M. Moore, of New York City, for appellant.

James C. Cropsey, Dist. Atty., of Brooklyn, for the People.

BURR, J.   Two questions arise in this case which have not been considered in the cases of People v. Willett, 149 N. Y. Supp. 348, and People v. Cassidy, 149 N. Y. Supp. 358, decided herewith.   The first question is whether defendant was immune from prosecution, because he had been called as a witness and compelled to testify upon the trial of the case of People v. Willett, previously heard and determined.

[1] A person accused of crime cannot be compelled to be a witness against himself (Constitution, art. 1, § 6), but—

"a person offending against any section of this article [the article of the Penal Law relating to crimes against the elective franchise] is a competent witness against another person so offending and may be compelled to attend and testify on any trial, hearing or proceeding or investigation in the same manner as any other person.   The testimony so given shall not be used in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any prosecution or proceeding, civil or criminal, against the person testifying. Any such person testifying shall not thereafter be liable to indictment, prosecution or punishment for the offense with reference to which his testimony was given, and may plead or prove the giving of testimony accordingly, in bar of such an indictment or prosecution." Penal Law, § 770.

The testimony given by defendant upon the Willett trial is not set forth in the record here, but by stipulation between the parties it appeared that when the proceedings were pending before Mr. Justice Scudder, sitting as a committing magistrate, which involved the same subject-matter as the subject of the Willett trial, Walter voluntarily appeared as a witness, stated that he so appeared, and expressly waived any claim of immunity. In addition, he was then warned by said magistrate that any testimony that he might give might be used at any time against him. After testifying at length before Mr. Justice Scudder, the proceedings were adjourned to a subsequent date, and upon that date he appeared and continued his testimony. A further adjournment was taken, and upon the third day the witness appeared, and the following colloquy took place:

"The Witness: As to my rights. I was subpœnaed here. I came here twice voluntarily, and offered you and the district attorney— The Court: So we will understand each other. The court understood that, when you first went on the stand, you claimed—that you waived immunity. The Witness: That is quite true, sir. The Court: Now, does the court understand, if you are called, that you wish—you no longer waive your immunity? The Witness: From now on I wish the rights that the law may prescribe for me, as far as my testimony is concerned. That is, provided that the court so directs me, that I must then answer. The Court: The court cannot grant immunity— The Witness: Any testimony that I may have given in the past, I gave gladly, and my answers were so distorted and disturbed that a lot of harm has been brought to me by it. The Court: You should not characterize it. If you wish to go on the stand and testify, you may do so, but, if you testify, what you say can be used against you, excepting—and you have heretofore waived that immunity. Now, if you wish no longer to go on the stand, and testify on the same basis as before, you won't be called. The Witness: That is my position, sir. * * * Mr. De Witt (the district attorney): If there is anything in his testimony which he does not think is right, he may correct it. The Court: If there was any question put to you, and the answer was not correctly reported, you may report that to the court. The Witness: And then I must sign it? The Court: Yes, if it is what you testified to."

Thereupon, without asking that any correction be made therein, the witness did subscribe his testimony in the presence of the committing magistrate.

It also appears by stipulation that, when Walter was called by the people as a witness at the Willett trial, the district attorney, before he gave any testimony,

"stated that he would question Mr. Walter only about the same matters which he had voluntarily testified to before Mr. Justice Scudder, on the inquiry referred to; and that the court stated in substance to Mr. Walter that he need not testify or answer any questions other than those relating to the same matters on which he had given testimony before Mr. Justice Scudder. * * * And upon such trial he only gave testimony about the same subjects about which he had been interrogated before Mr. Justice Scudder."

It also appeared that the court did instruct the witness to testify as to the subject-matters about which he had been previously interrogated before Mr. Justice Scudder.

We do not think that, under the circumstances here disclosed, defendant became immune from prosecution. The protection of the statute and the Constitution was personal to him and might be waived by him, where no question of public policy was involved. Having voluntarily appeared before the committing magistrate, having requested that his testimony be taken, and having insisted upon testifying after he had been advised of his rights, and when he had expressly waived immunity, the protection given to him as to the same subjects as to which he then testified was forever gone. People v. Hayes, 140 N. Y. 484, 35 N. E. 951, 23 L. R. A. 830, 37 Am. St. Rep. 572; People v. Bloom, 193 N. Y. 1, 85 N. E. 824, 18 L. R. A. (N. S.) 898, 127 Am. St. Rep. 931, 15 Ann. Cas. 932; People v. Loomis, 76 App. Div. 243, 78 N. Y. Supp. 578; Commonwealth v. Price, 10 Gray (Mass.) 472, 71 Am. Dec. 668; Commonwealth v. Pratt, 126 Mass. 462; State v. Van Winkle, 80 Iowa, 15, 45 N. W. 388.

[2] The second question is whether, as we have held in the Cassidy Case, Cassidy's counsel having opened the door by his cross-examination of Merrill to questions by the district attorney upon the redirect as to the manner of payment of the first Merrill note, the door was also opened for such testimony as against Walter. When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. Code of Criminal Procedure, § 391. In this case the defendants did not require separate trials, but consented to be tried together; Cassidy appearing by Mr. Elder as his counsel, and Walter by Mr. Moore. The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in the Code of Criminal Procedure. Code of Criminal Procedure, § 392. In this case, almost at the threshold of the case, a question arose as to the manner of taking objections, and this occurred:

"Mr. Elder: The question arose a little while ago about whether one objection on this subject was to inure to both of us. It seems to me that your honor intimated that possibly, when we began to take the evidence, it might not. Now, I would like to have an understanding, because I do not want to take up time. The Court: This (speaking of the question then under consideration) is one of those questions the objection to which would inure naturally to the benefit of both, but suppose there was something in relation to the conduct of one man or the other; suppose some one said that he talked with Mr. Cassidy, and Mr. Cassidy said so and so. Then I think it would be proper for a special objection to be interposed as to the other part of it; that is all. Mr. Elder: Can't we have an understanding that objections inure to both defendants unless especially designated as taken simply for one? The Court: Yes."

The trial thereupon proceeded. It is perfectly clear that all evidence offered by the people and received would be considered as against both defendants, except that under the stipulation above named, if competent against one and not against the other, and the latter objected, it might be received as to one and excluded as to the other. In several instances such objections were made, and the testimony was received against only one defendant. So all testimony offered in behalf of either defendant and received without objection would inure to the benefit of both. Mr. Moore, Walter's counsel, could not be heard to repeat the questions, which Mr. Elder had asked a witness, and have them an-

swered a second time to obtain the benefit of such testimony. So also, in the absence of special objection by one defendant, testimony elicited by the other defendant would affect both. In civil cases, where two defendants are appearing by separate counsel, it is, so far as my experience goes, the universal rule that if testimony is offered by one defendant, which is incompetent as against his codefendant, unless such codefendant objects, and such evidence is received, it will be considered against him.

In considering the reason for admitting the evidence as to the manner of payment of the first Merrill note, this appears:

On cross-examination Merrill was asked this question by Mr. Elder:

"Q. And, after you had had it discounted in the bank, you never saw the note or never heard anything about it? A. No."

On redirect, when the district attorney sought to interrogate him further on this subject, the court distinctly stated that it was because he was asked "if he ever heard about it afterward" that the testimony was admitted. This was made more apparent subsequently, where the court said:

"The evidence is offered solely for the purpose of showing that the payment was not made by William Willett, as the testimony would leave the inference, at the conclusion of the cross-examination. * * * It is for the purpose of showing that the testimony elicited left a wrong inference, or left the inference that William Willett paid it, and, if that is not the fact, I think it is to be explained on redirect."

If the evidence elicited by Mr. Elder that Merrill had never heard of the note after its discount had been left unexplained, it is perfectly clear that both Walter, as well as Cassidy, would have claimed the benefit of the inference to be drawn therefrom. On the other hand, suppose that when Mr. Elder asked the question of Merrill whether he had ever heard of the note after its discount, and Walter's counsel not objecting, instead of saying, "No, that he had not," he had stated, "Yes, that he had," and then, without objection on the part of Walter's counsel, had stated what he heard, could it be claimed that Walter was not affected by this testimony, as well as Cassidy? It seems to me, therefore, perfectly clear that Walter's special objection is without force, if our ruling in the Cassidy Case is right.

The judgment of conviction should be affirmed. All concur, except CARR, J., reading for reversal, with whom JENKS, P. J., concurs.

CARR, J. (dissenting). I feel so much doubt as to the admissibility, against the defendant Walter, of the evidence as to the circumstances of the taking up of the Merrill note that I feel obliged to dissent from the affirmance of the judgment as against Walter.