COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, DAVID L. BURDO, claimant.

Worcester.   September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Intoxicating Liquors. Forfeiture,* Of intoxicating liquors. *Judgment. Practice, Criminal,* Discontinuance. *Evidence,* Presumptions and burden of proof.

A criminal proceeding *in rem* under R. L. c. 100, § 48, for the forfeiture of certain intoxicating liquors alleged to have been brought into a town in which licenses of the first five classes were not granted and to have been intended for sale in violation of law, is not barred by the previous conviction under St. 1906, c. 421, as amended by St. 1910, c. 497, § 2, of the person who transported the liquors for transporting them in the town without having been granted a permit so to do.

A criminal proceeding *in rem* under R. L. c. 100, § 48, for the forfeiture of certain intoxicating liquors, is not barred by a previous proceeding under the same statute, in which the prosecuting officer terminated the case by a discontinuance and an order was made for the return of the liquors followed by their delivery to the claimant.

A criminal proceeding *in rem* is not affected by a previous complaint under the same statute relating to the same matter which was dismissed by a district court for want of jurisdiction.

In a proceeding *in rem* under R. L. c. 100, § 48, for the forfeiture of certain intoxicating liquors, the allegations of the complaint must be proved as in other criminal cases beyond a reasonable doubt.

COMPLAINT received and sworn to in the First District Court of Northern Worcester on May 3, 1913, under R. L. c. 100, § 48, charging that certain intoxicating liquors, therein named, on November 18, 1912, were illegally transported by one Moore in Athol, a town wherein licenses of the first five classes to sell intoxicating liquors were not granted, which liquors were intended for sale contrary to law, and praying that such liquors might be declared forfeited.

David L. Burdo appeared as claimant, alleging that the liquors were his property. The District Court made a decision, adjudging that Burdo had failed to sustain his claim, that the liquors were transported illegally by Moore for the purpose of being sold in violation of law, and ordering that the liquors and the vessels containing them should be delivered to the chief of the district

police, that they should be sold by him according to law and that the net proceeds should be paid into the treasury of the Commonwealth.

The claimant Burdo appealed; and in the Superior Court the case was tried before *Hall,* J., upon an agreed statement of facts, which included a description of the proceedings previous to this complaint that are referred to in the opinion.  On the agreed facts the claimant asked the judge to rule as a matter of law that the liquors and vessels when seized upon May 3, 1913, were seized illegally and should be returned to the claimant.  The judge refused so to rule, and the jury found upon the agreed facts that the liquors and vessels were on November 18, 1912, owned by Burdo, the claimant, and that the liquors on that date were being transported in violation of law by Moore in the town of Athol; and thereupon the judge gave judgment that the liquors and vessels were forfeited to the Commonwealth.  The claimant alleged exceptions.

The case was submitted on briefs.

*T. L. Walsh, C. B. O'Toole & J. H. Walsh, Jr.,* for the claimant.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.

BRALEY, J.  By R. L. c. 100, § 48, "No person shall bring any spirituous or intoxicating liquor into a city or town in which licenses of the first five classes are not granted, with intent to sell it himself or to have it sold by another, or having reasonable cause to believe that it is intended to be sold in violation of law; and any liquor which is transported contrary to the provisions of this section shall be forfeited to the Commonwealth. . . ." The St. of 1906, c. 421, as amended by St. of 1910, c. 497, § 2, does not purport to repeal this section.  It provides for the prosecution and punishment of persons and corporations merely transporting for hire spirituous or intoxicating liquors within the limits of a city or town where licenses are not granted unless they have received a permit issued by the board of mayor and aldermen or the selectmen of towns and signed by the licensing board.  No provision for forfeiture is found.  The trial and conviction of Moore on the first complaint appearing in the record we assume from the allegations to have been under this statute.  The complaint charges no violation of § 48.  The only issues under the

agreed facts relating to the subsequent proceedings are, whether on November 18, 1912, the claimant owned the liquors in question with the vessels, and whether on that day they were being illegally transported by Moore within the town of Athol where licenses of the first five classes were not granted. The jury having answered each issue in the affirmative, the claimant contends, that the judgment of forfeiture thereupon ordered should be reversed. The claimant, however, having expressly admitted that the jury could find that the transportation was illegal, the order should stand unless the proceedings subsequent to the first complaint were unauthorized and void.

It is plain that the conviction of Moore for transporting liquors without a permit would not bar his prosecution for transporting liquors within the town which were intended for illegal sale, or for keeping the liquor himself with intent to sell. *Commonwealth* v. *McConnell*, 11 Gray, 204. *Commonwealth* v. *Cleary*, 105 Mass. 384. The second complaint accordingly alleged that the liquors, with the implements of sale and furniture "used and kept and provided to be used in the illegal keeping and selling of said liquors were, and still are, kept and deposited by" Moore in an auto truck driven by him with intent to sell the same in violation of law. A search warrant issued, the liquors were seized, and the claimant upon the usual order of notice appeared and claimed the property. But, if in the District Court a forfeiture was ordered, the appeal of the claimant vacated the judgment, and the discontinuance in the appellate court by the prosecuting officer terminated the case. *Commonwealth* v. *Tuck*, 20 Pick. 356, 365.

The third complaint, which followed, charging illegal transportation with the intent by Moore or of "some one" to sell the liquors contrary to law, having been dismissed by the District Court for want of jurisdiction, the claimant's rights to the property remained the same as if these complaints had not been instituted or the search warrants issued.

Nor was the order for a return on May 3, 1913, entered upon the discontinuance, an adjudication barring the prosecution of the fourth complaint made on the same day under § 48, upon which the judgment of forfeiture has been entered, or the issuance of the search warrant thereon, even if the officer had certified on the order for a return that he had delivered the liquors to the claimant.

The gravamen of the offense is bringing intoxicating liquors with intent that they shall be illegally sold into a town which has voted for no license. R. L. c. 100, § 10. It is this criminal act which works the forfeiture, and the necessary proceedings for condemnation relate only to the act itself and not to the time when a search warrant issues.

While the allegations of the complaint must be proved as in all criminal cases, it is a proceeding *in rem. Commonwealth* v. *Intoxicating Liquors,* 115 Mass. 142. *Commonwealth* v. *Intoxicating Liquors,* 105 Mass. 595. *Commonwealth* v. *Intoxicating Liquors,* 107 Mass. 386, 392. The verdict having been warranted, the order was in accordance with the statute, and the exceptions must be overruled.

*So ordered.*