COMMONWEALTH *vs.* DAVID T. GREEN.

Worcester.    Argued September 21, 1925. — October 15, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Intoxicating Liquor,* Manufacture.  *Statute,* Construction.   *Practice, Civil,* Charge to jury.   *Words,* "Manufacture."

The offence charged in St. 1923, c. 370, is committed even if spirituous or intoxicating liquor of the character there described is made by the defendant in his own home, only for the purpose of consumption at home.

COMPLAINT, received and sworn to in the Central District Court of Worcester on January 29, 1925, charging that the defendant "did unlawfully manufacture spirituous and intoxicating liquor to wit; a beverage containing more than two and three-quarters per cent alcohol by weight at sixty degrees Fahrenheit, without having obtained a permit or authority required therefor under the law of the United States and the regulations made thereunder."

On appeal to the Superior Court, the case was tried before *Dillon,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485.   Material facts agreed upon and instructions by the judge to the jury to which the defendant saved exceptions are described in the opinion.   The defendant was found guilty and alleged exceptions.

*J. H. Meagher, E. Zaeder, & J. L. Bianchi,* for the defendant, submitted a brief.

*C. B. Rugg,* Assistant District Attorney, for the Commonwealth.

CROSBY, J.   The defendant is charged under St. 1923, c. 370, with having unlawfully manufactured intoxicating liquor without obtaining a permit or authority, as required by the laws and regulations of the United States.   The case was submitted to a jury in the Superior Court on an agreed statement of facts.   The defendant filed a motion that the jury be instructed to return a verdict of not guilty; the motion was denied and the defendant excepted.

The trial judge instructed the jury in substance that as matter of law on the agreed facts they would be warranted in returning a verdict of guilty, and "you [the jury] are warranted in finding a verdict of guilty." To these instructions the defendant excepted. The jury returned a verdict of guilty.

It appeared from the agreed statement of facts that the defendant had brewed beer, in his own home solely for his own use; that it contained more than two and seventy-five hundredths per cent of alcohol by weight at sixty degrees Fahrenheit, and was therefore intoxicating liquor under the definition of the statute; and that he had no Federal permit or authority therefor. The verb "manufacture" is synonymous with make. To manufacture is to make wares or other products by hand, machinery or other agency. It may also be defined to work, as raw or partly wrought materials into suitable forms for use. It is agreed that the defendant prepared the ingredients and brewed the beer found in the apartment occupied by him. Upon these facts it is plain that the beer was manufactured by him in violation of the statute. The fact that it was made only for home use and for the purpose of consumption there does not exempt the defendant from liability. The crime is committed if spirituous or intoxicating liquor is manufactured, without reference to the intent of the manufacturer or the use to which it is to be put. *State* v. *Marastoni*, 85 Ore. 37. The statute in terms makes no distinction between the manufacture of beer for home consumption and the manufacture of beer for sale. To decide otherwise would be to read into the statute an exception which is not to be found there either in express terms or by fair implication. As the language of the statute is unequivocal, it is unnecessary to refer to the record of proceedings in the House of Representatives in connection with its enactment, cited in the brief of the Commonwealth.

The defendant contends that the instruction of the court was in effect a direction to return a verdict of guilty. This contention cannot be sustained. The judge did not direct a verdict of guilty, but told the jury in substance that upon the agreed facts they would be warranted in arriving at that

verdict. The issue of the defendant's guilt or innocence was submitted to them. *Commonwealth* v. *Sookey*, 236 Mass. 448, 452.

*Exceptions overruled.*