COMMONWEALTH *vs.* SEBASTIANO D'AMICO.

SAME *vs.* SAME.

Essex.     December 11, 1925. — February 3, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Cases tried together. *Intoxicating Liquor. Evidence,* Presumptions and burden of proof; Opinion: expert.

An order by a judge of the Superior Court allowing a motion by the Commonwealth that two complaints against a single defendant, one dated July 1 and alleging that on the May 10 previous at Lawrence the defendant had sold intoxicating liquor to a certain person unlawfully, and the other dated the following October 7 and alleging that on that day at Lawrence the defendant had exposed and kept for sale intoxicating liquors with intent unlawfully to sell them, should be tried together, cannot be said as a matter of law to be improper.

One not skilled in detecting the presence of alcohol in a beverage may be permitted to testify, at the trial of a complaint charging the selling to him of intoxicating liquor unlawfully, that a substance that he purchased from the defendant was alcohol: the weight of such evidence is for the jury.

At the trial of a complaint charging one who was a member of a partnership carrying on an undertaker's establishment with keeping intoxicating liquors with intent unlawfully to sell the same, it appeared that the undertaking business was conducted on the ground floor of a building and that police searching the building discovered hidden under a stairway behind the undertaking establishment a quantity of what purported to be intoxicating liquor of different brands. There was evidence that there was access to the place of concealment in only three ways; that one way had not been used for days; that the second way was through premises of a tenant who testified that he had gone that way frequently but never had seen the liquor and knew nothing of it; that the third way was through the undertaking establishment, the door from which to the stairway was locked on the defendant's side of the door; and that the defendant shrugged his shoulders but said nothing when told by the officer while searching the undertaking rooms that "we are still getting complaints, nasty letters." *Held*, that there was evidence which, though weak, was sufficient to warrant a finding of guilty.

Two COMPLAINTS, received and sworn to in the District Court of Lawrence on July 1, 1924, and October 7, 1924, respectively, and described in the opinion.

On appeal to the Superior Court, the cases were tried together before *Hayes*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence is described in the opinion. At the close of the evidence, the defendant moved in each case that a verdict of not guilty be ordered. The motions were denied. The defendant was found guilty on both complaints and alleged exceptions.

The case was submitted on briefs in December, 1925, to *Rugg*, C.J., *Braley, Pierce, Wait, & Sanderson*, JJ., and afterwards was submitted to all the Justices.

*H. A. Cregg & M. A. Cregg*, for the defendant.

*W. G. Clark*, District Attorney, *& E. F. Flynn*, Assistant District Attorney, for the Commonwealth.

WAIT, J. Complaint against the defendant was made July 1, 1924, alleging that on or about May 10, 1924, at Lawrence, he sold unlawfully a quantity of intoxicating liquor to Peter Golden. Another complaint against him was made October 7, 1924, alleging that on that day, at Lawrence, he exposed and kept for sale intoxicating liquors with intent unlawfully to sell them. When the cases were called

for trial in the Superior Court, the district attorney requested that they be tried together. The defendant objected, and moved in writing in each case that it be tried apart from the other. The request of the district attorney was granted. The defendant's motions were denied. The defendant excepted and asks that his exceptions be sustained.

The power of the trial court, where there are several offences of the same general nature which might have been charged in separate counts in the same indictment or complaint and settled by a single trial without requiring the prosecutor to elect, to order them to be tried together is well established by the decision in *Commonwealth* v. *Slavski*, 245 Mass. 405, and *Commonwealth* v. *Rosenthal*, 211 Mass. 50, which, on this point have, in substance, overruled *Commonwealth* v. *Bickum*, 153 Mass. 386, where such a practice was disapproved.

The considerations to be weighed by the trial judge in exercising his discretion so to order are adequately stated in *Commonwealth* v. *Slavski, supra,* at page 412: "It is the heavy obligation of the trial court sedulously to take care that the defendant is not confounded in his defence, that the attention of the jury is not distracted, and that in no aspect are the substantive rights of the defendant adversely affected, by requiring him to proceed to trial on separate complaints for different offences or on separate counts for different offences in one complaint."

The bill of exceptions does not disclose the statements which were made to the presiding judge at the hearing on the motions. On their face, the complaints are exactly within the decision in *Commonwealth* v. *Slavski, supra.* Nothing appears to indicate any abuse of the discretionary power in making the order in these cases.

The evidence of Golden that the substance which he purchased from the defendant was alcohol, an intoxicating liquor, was competent. Testimony from an expert is not necessary. *Commonwealth* v. *Timothy*, 8 Gray, 480. There was evidence of a sale of alcohol, an intoxicating liquor, at the place and time charged. The weight of it was for the jury. The ruling requested was denied properly.

On the second complaint there was evidence that police officers, searching a two-story building on Common Street, Lawrence, on the ground floor of which the defendant carried on an undertaking business in partnership with one Campopiano, found hidden under a stairway at the rear a quantity of what purported to be liquor of different brands. It seems to have been taken for granted at the trial that the packages did contain intoxicating liquor. The bill of exceptions indicates that no question was raised on this point. It appeared that access to the place where liquor was found could be had in only three ways: First, through the rooms occupied by the defendant's partnership and a hallway which extended thence to a door at the rear. From this door the stairs under which the liquor was placed ascended to the second floor. The door from the undertaking rooms to the hallway was locked from the side of the rooms. Second, through the rooms on the second floor. The second floor tenant testified that he used the stairway and door frequently, but never had seen the liquor and knew nothing of it. Third, through the hallway door which opened on a passageway at the rear communicating with another passageway running at the side of the building from Common Street. There was a gate where the first passageway entered the second, and this was locked on the house side by a rusty padlock which looked as if it had not been unlocked for days. An inference is permissible from the foregoing that the defendant was keeper of what was stored under the stairs.

There was testimony of an illegal sale of different kinds of liquor made by the defendant some months before and at another somewhat distant place although upon the same street. No exception was claimed to the admission of this testimony, and the sale was properly to be considered by the jury in deciding whether the liquor hidden under the stairs was kept with an intent to sell it unlawfully. *Commonwealth* v. *Kozlowsky*, 243 Mass. 538. *Commonwealth* v. *McCluskey*, 123 Mass. 401.

There was further testimony that the defendant shrugged his shoulders but said nothing when told by the officer while searching the undertaking rooms that "we are still getting complaints, nasty letters."

Weak as it was, there was evidence of keeping by the defendant with intent to sell. We must assume that the jury were instructed that all reasonable doubt must be removed from their minds before they could find the defendant guilty. The request for instructions was denied properly.

We have dealt with all the exceptions and find no reversible error.

*Exceptions overruled.*