COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.

Suffolk.   October 19, 1926. — January 3, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Jury trial. *Superior Court. Constitutional Law,* Trial by jury. *Intoxicating Liquors,* Forfeiture of container or implement of sale, Transportation. *Evidence,* Presumptions and burden of proof. *Motor Vehicle,* Unlawful use. *Sale,* Conditional.

The Superior Court has jurisdiction on appeal from a district court to hear without a jury a complaint for forfeiture of a container of intoxicating liquors where all the facts are agreed upon by the Commonwealth and the claimant, and the claimant consents to the waiver of his constitutional right to a trial by jury.

In the absence of evidence that an automobile which is being used to transport intoxicating liquor in violation of St. 1923, c. 370, is being used as a container of intoxicating liquor illegally kept for sale, there is no statutory provision for its forfeiture.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on December 14, 1925, and described in the opinion. Marmon Boston Company appeared as claimant of the automobile in question.

On appeal to the Superior Court, the case was heard by *Fosdick,* J., upon an agreed statement of facts, trial by jury being waived. Material facts are stated in the opinion.

The judge ordered a judgment of forfeiture and the claimant alleged exceptions.

*K. C. Tiffin,* for the claimant.

*J. J. Leonard,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This is a complaint for the forfeiture of "About four gallons of mixed liquor in four metal containers and vehicle to wit: Ford automobile in the possession of" one Philip Landberg, "who then had no license, authority, or permit to transport, such intoxicating liquor," and alleging further that "said intoxicating liquor had been brought into said city [of Boston] by the said Landberg in violation of sections two-A, fifty-five, and sixty of the said chapter [G. L. c. 138] and of the acts in addition thereto and in amendment thereof and was by him intended for sale contrary to law." Warrant for the seizure of the liquor containers and vehicle thereupon issued, and return of seizure in accordance therewith was duly made. Order of notice issued pursuant to the complaint and statute. Marmon Boston Company appeared as claimant of the automobile.

The case was submitted to the Superior Court on an agreed statement of facts, the claimant having waived right of trial by jury. It comes before us on exceptions. This is in conformity to the practice approved in *Commonwealth* v. *Kemp,* 254 Mass. 190.

The claimant was on June 2, 1925, the owner of the automobile, and sold it to Landberg under a conditional sale contract with note attached to be paid in instalments. Under the contract, title to the automobile remained in the seller, the present claimant, until all amounts due should be fully paid. An unpaid balance is due. The right of the claimant to the automobile has not been questioned in argument except upon the ground that it is subject to forfeiture because of illegal use in connection with intoxicating liquor. *Worcester Morris Plan Co.* v. *Mader,* 236 Mass. 435, 438.

Just before the present complaint for forfeiture was made, complaint was made against Landberg for the illegal transportation of intoxicating liquor in a vehicle without license or authority. To that complaint Landberg pleaded guilty

and was sentenced to pay a fine.    St. 1923, c. 370.   *Commonwealth* v. *Dzewiacin*, 252 Mass. 126.   There has been no complaint or finding that Landberg was selling intoxicating liquor contrary to law.

The relevant provisions of the statutes of this Commonwealth touching forfeiture in connection with intoxicating liquor are G. L. c. 138, §§ 61–75, both inclusive.   These provisions authorize the seizure and forfeiture of "spirituous or intoxicating liquor" intended for sale contrary to law, "the casks or other vessels in which it is contained, and all implements of sale and furniture used or kept and provided to be used in the illegal keeping or sale of such liquor."

The mere keeping of spirituous or intoxicating liquor is not made an offence under our statutes.   *Commonwealth* v. *Kozlowsky*, 243 Mass. 538, 541.   It is only when such liquor is exposed or kept for sale contrary to law that keeping becomes a crime.   G. L. c. 138, § 2.   The manufacture of spirituous or intoxicating liquor, as well as transportation of such liquor without permit, is made a crime by St. 1923, c. 370.   *Commonwealth* v. *Green*, 253 Mass. 458.   There is no express provision of our statute for the forfeiture of the vehicle in which intoxicating liquor is thus transported, such as is found in some other jurisdictions.   See, for example, Laws of Kansas, 1919, c. 217, §§ 1–5.   *Van Oster* v. *Kansas*, 272 U. S. 465.

Circumstances may exist which would render an automobile liable to forfeiture under our statutes.   *Commonwealth* v. *Intoxicating Liquors*, 253 Mass. 581, 586.   See *State* v. *Nadeau*, 81 N. H. 183.   There is nothing in this record to support such a finding.   No fact is agreed respecting the containers of the liquor.   The allegation of the complaint is that the intoxicating liquor was "in four metal containers." It is not alleged that the automobile was a container.   The record is bare of facts warranting the conclusion that the automobile was an implement of sale or furniture used or kept and provided to be used in the illegal keeping or sale of such liquor.   There is no allegation to that effect in the complaint.   The agreed facts do not show that this liquor or any of it was sold or was kept for sale contrary to law.

They show simply that it was transported contrary to law. That is a fact distinctly different from keeping it for sale contrary to law. Such transportation may often, perhaps usually, accompany the intent to sell the liquor contrary to law. It is conceivable that such transportation may not be accompanied by a purpose to sell the intoxicating liquor contrary to law, although as a practical matter it may be of infrequent occurrence. But there may be such instances. See *Street* v. *Lincoln Safe Deposit Co.* 254 U. S. 88, 98, and *Corneli* v. *Moore,* 257 U. S. 491, 497. Doubtless slight evidence of intent to sell might be enough, in conjunction with illegal transportation of intoxicating liquor, to prove an intent to sell it contrary to law. "The place, time and circumstances, and the mode in which it is kept," together with other relevant facts touching the transaction, well might afford proof of such intent. *Fisher* v. *McGirr,* 1 Gray, 1, 38, 39. The adoption of the Eighteenth Amendment to the Constitution of the United States and the enactment of various statutes to enforce the same may give to simple possession of intoxicating liquor and to transportation of it contrary to law, in connection with other circumstances, · a different and more sinister significance in connection with prosecutions for crime under such laws than theretofore. Although the proceeding for forfeiture is *in rem,* the allegations of the complaint must be proved as in other criminal cases. *Commonwealth* v. *Intoxicating Liquors,* 218 Mass. 602, 605. There must be evidence of intent to sell contrary to law before the allegations of this complaint can be held to be proven. Simple illegal transportation standing by itself alone is not proof of such intent. That is all there is in the case at bar. Giving to every factor in the present case all the probative value to which it is entitled in the light of the allegations of the complaint, there is not enough to warrant a forfeiture of the automobile. That is the substance of the claimant's fourth request for ruling. It should have been granted.

*Exceptions sustained.*