COMMONWEALTH *vs.* HARRY HELFMAN.

Suffolk.   January 10, 1927. — February 28, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor.   Practice, Criminal,* Exceptions, Charge to jury. *Evidence,* Presumptions and burden of proof, Matter of common knowledge, Inference.   *Husband and Wife.*

At the trial of a complaint charging the keeping and exposing of intoxicating liquor with intent to sell it unlawfully, it was proper for the trial judge to permit a sergeant of police, who had testified that he had read an anonymous letter in the presence of the defendant and of his wife, to refresh his recollection from the letter and to state further what he said to the defendant and to his wife, where the judge found that the letter was read as a part of a single conversation with the defendant and it appeared that in reply to the reading of the letter the defendant merely denied that there was liquor in the store at that time and challenged the witness to find any, and that substantially all of the letter related directly or indirectly to the complaint on which the defendant was being tried, and that a trifling part that did not so relate was immaterial and harmless: the evidence was competent upon the question whether the defendant's equivocal statement respecting the charge amounted to an admission of its truth in whole or in part.

Since the adoption of the Eighteenth Amendment to the Federal Constitution and the enactment of statutes to enforce its prohibitions, the mere possession of intoxicating liquors has a new and less innocent aspect as evidence of guilt than it had theretofore.   There can now be no lawful manufacture of spirituous or intoxicating liquor, or transportation of it, without permit.   Possession of it that is lawful is now more difficult and unlikely than it was hitherto.   Per RUGG, C.J.

At the trial of the complaint above described, there was evidence that the store, ostensibly exclusively for the sale of dry goods, was frequently resorted to by persons known to be drinkers of intoxicating liquor; that officers searching the store found some of the usual accompaniments of illegal sales of intoxicating liquors; that as they were leaving they asked the defendant to open the cash drawer; that at first the drawer did not open fully, the defendant preventing by his body a complete opening; that when it was opened there were found, in a compartment at the back

designed for holding bills, bottles containing intoxicating liquor, each separately wrapped. *Held*, that a motion that a verdict of not guilty be entered properly was denied.

At the trial above described, there was evidence justifying a finding that either the defendant or his wife was in control of the store. The judge charged the jury in substance that the ownership of the store "was not, however, the deciding matter in this case"; that, if the defendant participated, whether as an owner or not, in the alleged illegal acts, he might be found guilty. *Held*, that there was no error in such instruction.

Exceptions to instructions by the judge in his charge at the trial above described, to the effect that, when a wife performs such criminal acts as were there in question in the presence of her husband, there was a presumption, rebuttable by evidence or by other circumstances, that she was acting under his coercion and that he was responsible for her acts, were overruled.

The defendant's counsel, in his closing argument at the trial above described, urged that the anonymous letter from which the police sergeant was permitted to refresh his recollection, as above described, was spurious and was obtained since a trial in the lower court because it was not produced in that court. The judge in his charge instructed the jury that "at the trial of criminal cases in municipal courts of this Commonwealth, the government is ordinarily not represented by an attorney; such cases are ordinarily prosecuted by a sergeant of police or police officer; that the police officer sometimes asks the questions of the government witnesses; that oftentimes the police officer so prosecuting does not know much about the rules of evidence; that it is not at all unusual for the police to have evidence in their possession which for some reason is not introduced or offered in evidence at the trial of such cases in said courts; that, even if the letter in this case existed and was in the possession of . . . [the sergeant] at the time, it would not be unusual if he had not offered it in evidence in said Municipal Court; that in view of the foregoing it was for them to say whether they would draw any inference from the fact that . . . [the sergeant] had not offered said letter at said trial in said court." *Held*, that

(1) The instruction called the attention of the jury to a matter of common knowledge in the county where the complaint was tried;

(2) The instruction was not improper in view of the argument in behalf of the defendant: the weight of the argument was left wholly to the jury without further suggestion from the judge.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on August 5, 1925, charging the defendant with keeping and exposing intoxicating liquor on August 4, 1925, with intent unlawfully to sell it.

On appeal to the Superior Court, the complaint was tried before *Stone*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence is described in the opinion. At the close of the

evidence for the Commonwealth, the defendant rested and moved that a verdict of not guilty be entered. The motion was denied. The defendant then asked for the following, among other rulings:

"2. The mere fact that the defendant was in the store at the time liquor was kept there is not, in itself, as a matter of law, sufficient to raise any presumption that it was kept by the defendant; it is for you to find as a fact who kept the liquor.

"3. You would be justified in finding as. a fact, from the evidence in the case, that the liquor found was kept by the defendant's wife.

"4. There is no legal presumption that acts done by a wife in her husband's absence are done under his coercion or control.

"5. The presumption of coercion is not conclusive, and proof of the husband's disapproval is not necessary to rebut it.

"6. If you find as a fact that the defendant's wife separately owned and controlled the store in question there is no presumption of law that he is liable for the acts of his wife therein."

"8. If you are in doubt from the evidence as to whether the defendant or the defendant's wife owned the store there is no presumption of law that the husband is the owner thereof, and the law does not in any way resolve that doubt.

"9. As a matter of law I instruct you that from the evidence in this case you would not be justified in finding as a fact beyond a reasonable doubt that the defendant owned and controlled the store.

"10. If the store is the sole and separate property of the wife she has such legal control of it by virtue of her ownership that the defendant, her husband, could not be said in law to keep liquor there, if, as a matter of fact, it was actually kept therein by the wife alone.

"11. If you find that the store was the separate property of the defendant's wife and that she controlled the same, there is no presumption of law that the husband is responsible for the acts of the wife therein, even if he knew

of said acts, so long as he did not incite her to commit said acts and did not actively join with her therein."

The requests were refused.

A portion of the charge to the jury was as follows:

"You have heard some evidence with regard to the ownership of this store. The ownership of the store is not, however, the deciding matter in this case. It is important as a matter of evidence and you should give it such weight as you think it deserves upon the question as to whether this defendant was engaged in keeping and exposing liquor for sale. If you should find upon the evidence that this store belonged to the defendant and not to his wife, and the liquor, which it was testified was found in the cash register, belonged to him and that he was keeping it there for the purpose of selling it, that would, of course, be the end of the case.

"It does not follow, however, that if you found the store belonged to his wife that you would not be justified in finding the defendant guilty. Of course, if the defendant knew nothing about this liquor and his wife was selling it in this store without his knowledge he could not be found guilty. If, however, even though the wife owned the store, the liquor was being sold there with the knowledge and consent of the husband, or if he was either actively or passively taking part in the sale, then the fact that his wife owned the store and might also be guilty would not be a reason why you should not find him guilty. Where two people are engaged in an offence of this sort either one or both may be found guilty although neither is responsible for the whole affair.

"There is also a rule of law that where a wife performs criminal acts in the presence of her husband she is presumed to be acting under his direction and he is responsible for her acts. This is merely a presumption and may be overcome by evidence. So in this case if the wife was selling liquor in this store, even if it was her store, and having liquor there for sale, and the defendant was standing by and allowing it to be done, you would have this legal presumption that it was his act and if that presumption was not overcome by any other evidence or any other circumstances surrounding

it you might be justified in finding him guilty. It all comes down to this question: Was the defendant, no matter to whom the store belonged, engaged, either himself or with his wife, in having liquor there for the purpose of sale? If he was absolutely without knowledge of it or it was done against his will, whether the store was his or his wife's, he could not be found guilty.

"On the other hand, if he was taking part in it or permitting his wife to do it without objection then whether the store was his or hers there would be evidence upon which you might find him guilty."

The defendant was found guilty and alleged exceptions.

*R. J. Hartford,* (*T. P. Diggins* with him,) for the defendant.

*D. J. Lyne,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was tried on a complaint for keeping and exposing intoxicating liquors with intent to sell contrary to law. A sergeant of police testified that he with another officer went to a dry goods store, where he found the defendant and his wife, in whose presence he read aloud an anonymous letter previously handed him by a superior officer. He was further allowed, subject to the exception of the defendant, to testify from memory what he said to the defendant and his wife, using the letter to refresh his recollection. In this there was no error. It was for the trial judge to determine whether the letter was read as a part of a single conversation with the defendant. His finding in this respect on the present record is not open to review. *Commonwealth* v. *Russell,* 160 Mass. 8, 10. Substantially all of the letter related directly or indirectly to the complaint on which the defendant was being tried. The trifling part which did not was irrelevant and could have done the defendant no harm. The defendant, in reply to the reading of the letter, merely denied that there was liquor in the store at that time and challenged the witness to find any. The charges contained in the letter were of much wider import, and of such other matters there was no denial. The evidence was competent upon the question whether the defendant's equivocal statement respecting the charge amounted

to an admission of its truth in whole or in part. *Commonwealth* v. *Brailey,* 134 Mass. 527, 530. *Commonwealth* v. *Trefethen,* 157 Mass. 180, 197, 198. *Commonwealth* v. *Porter,* 237 Mass. 1, 5. *Warner* v. *Fuller,* 245 Mass. 520, 528. *Commonwealth* v. *Zaidon,* 253 Mass. 600.

The officers found in the store some of the usual accompaniments of illegal sale of intoxicating liquor. As they were about to leave the store, they asked the defendant to open the cash register. At first the drawer did not open fully, the defendant preventing by his body a complete opening. In the compartments at the back designed for holding bills were found bottles containing intoxicating liquor, each separately wrapped. The defendant's motion for a directed verdict in his favor was denied rightly. The finding of bottles of intoxicating liquor in the circumstances described, the disingenuous and crafty conduct of the defendant in opening at first only partly the drawer of the cash register, and not fully until compelled by the officers, the frequent resort of men known to be drinkers to the store ostensibly used exclusively for the sale of dry goods, the presence of the defendant on the premises on numerous occasions and his more or less suspicious actions there, required the submission of the case to the jury. *Commonwealth* v. *Kozlowsky,* 243 Mass. 538, and cases there collected. *Commonwealth* v. *D'Amico,* 254 Mass. 512, 515. Since the adoption of the Eighteenth Amendment to the Federal Constitution and the enactment of statutes to enforce its prohibitions, the mere possession of intoxicating liquors has a new and less innocent aspect as evidence of guilt than it had theretofore. There can now be no lawful manufacture of spirituous or intoxicating liquor, or transportation of it, without permit. Lawful possession of intoxicating liquors is now more difficult and unlikely than it was hitherto. *Commonwealth* v. *Green,* 253 Mass. 458. *Commonwealth* v. *Intoxicating Liquors,* 258 Mass. 85, 87. *Corneli* v. *Moore,* 257 U. S. 491. *Selzman* v. *United States,* 268 U. S. 466.

There was evidence, which need not be narrated, to justify a finding that either the defendant or his wife was in control of the store. The charge to the jury upon this point was not

open to just exceptions. *Commonwealth* v. *Klosowski,* 252 Mass. 149.

The charge of the judge, to the effect that when a wife performs such criminal acts as are here in question in the presence of her husband there is a presumption, rebuttable by evidence or by other circumstances, that she is acting under his coercion and that he is responsible for her acts, was in conformity to numerous decisions rendered since the enactment of the comparatively modern statutes ameliorating the common law conditions of married women. The presumption is disputable. Doubtless it has lost something of its force by reason of the wider liberty of married women established by legislative enactments and by the usages of society, and hence may be more easily overcome by evidence. But no law has abolished the presumption and it still exists for what it is worth in the light of the facts of each case. *Commonwealth* v. *Wood,* 97 Mass. 225. *Commonwealth* v. *Barry,* 115 Mass. 146, 148. *Commonwealth* v. *Kennedy,* 119 Mass. 211. *Commonwealth* v. *Carroll,* 124 Mass. 30. *Commonwealth* v. *Pratt,* 126 Mass. 462. *Commonwealth* v. *Hill,* 145 Mass. 305, 307, 308. *Commonwealth* v. *Walsh,* 165 Mass. 62, 64. *Commonwealth* v. *Adams,* 186 Mass. 101, 105.

The case at bar did not call for any further definition of the respective rights and criminal responsibility of husband and wife touching business confessedly belonging to the wife in her own right and in her exclusive possession and control.

Counsel for the defendant argued to the jury that the letter used by the police sergeant in his testimony respecting his interview with the defendant was spurious and was obtained since the trial in the Municipal Court, because it was not produced at that trial. With respect to that matter, the judge instructed the jury that "at the trial of criminal cases in municipal courts of this Commonwealth, the government is ordinarily not represented by an attorney; such cases are ordinarily prosecuted by a sergeant of police or police officer; that the police officer sometimes asks the questions of the government witnesses; that oftentimes the police officer so prosecuting does not know much about the rules of evidence; that it is not at all unusual for the police to have evidence in

their possession which for some reason is not introduced or offered in evidence at the trial of such cases in said courts; that, even if the letter in this case existed and was in the possession of Sergeant Miller at the time, it would not be unusual if he had not offered it in evidence in said Municipal Court; that in view of the foregoing it was for them to say whether they would draw any inference from the fact that Sergeant Miller had not offered said letter at said trial in said court." In this there was no error. It called the attention of the jury to a matter of common knowledge in Suffolk County. *Lajoie* v. *Milliken*, 242 Mass. 508, 520. This was not improper in view of the argument in behalf of the defendant. The weight of the argument was left wholly to the jury without further suggestion from the judge. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 515, 516. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *O'Neill* v. *Ross*, 250 Mass. 92, 96, 97.

*Exceptions overruled.*