## COMMONWEALTH *vs.* ANGELO DeFINNIS.

Middlesex.    March 5, 1928. — March 15, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor. Evidence,* Presumptions and burden of proof, Inference.

Evidence, at the trial of a complaint charging the keeping and exposing of intoxicating liquor with intent to sell it unlawfully, that the defendant on the first floor of his dwelling house had a glass jar containing about one gallon of red wine and a pint bottle nearly filled with a white colorless liquid containing about twenty-nine per cent of alcohol; and that in a basement cellar, where there were two common tables and settees, a gas stove, a sink, two copper boilers and a cupboard containing glasses, he had two hundred ten bottles of beer, eighty-five of which were on ice in an ice chest, and three gallons of red wine, the beer containing two and seven eighths percentage of alcohol and the wine about nine per cent, is sufficient to warrant a verdict of guilty, although there was no evidence tending to show illegal sales of intoxicating liquor or unlawful traffic to and from the premises.

COMPLAINT, received and sworn to in the First District Court of Eastern Middlesex on July 22, 1927, charging that the defendant at Malden "did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same."

On appeal to the Superior Court, the complaint was tried before *Buttrick,* J., a judge of a district court sitting in the Superior Court under St. 1927, c. 282. Material evidence is stated in the opinion. The defendant was found guilty and alleged exceptions.

*P. H. Kelley,* for the defendant.

*R. S. McCabe,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. There was evidence tending to show that the defendant on the first floor of his dwelling house had a glass jar containing about one gallon of red wine and a pint bottle nearly filled with a white colorless liquid containing about twenty-nine per cent of alcohol; and that in a basement cellar, where there were two common tables and settees, a gas stove, a sink, two copper boilers and a cupboard con-

taining glasses, he had two hundred and ten bottles of beer, eighty-five of which were on ice in an ice chest, and three gallons of red wine, the beer containing two and seven eighths percentage of alcohol and the wine about nine per cent. There was no evidence tending to show illegal sales of intoxicating liquor or unlawful traffic to and from the premises. The defendant offered testimony which, if believed, showed that he did not keep this liquor with intent to sell the same contrary to law.

On this evidence with its permissible inferences a verdict of guilty of keeping intoxicating liquor with intent to sell the same contrary to law was warranted. The requested ruling for a verdict of not guilty was denied rightly. *Commonwealth* v. *Ahern*, 228 Mass. 547. *Commonwealth* v. *Kozlowsky*, 243 Mass. 538. *Commonwealth* v. *Intoxicating Liquors*, 258 Mass. 85. See *Commonwealth* v. *Helfman*, 258 Mass. 410.

*Exceptions overruled.*